UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,

        Petitioner-Plaintiff,

and

Qaid Alhalmi, *et al.*,

        Plaintiff-Intervenors,

v.

Rebecca Adducci, *et al.*,

        Respondents.

_____/

Case No. 20-10829

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

## ORDER REGARDING PRODUCTION OF MEDICAL RECORDS

On June 5, 2020, the Court ordered the parties to meet and confer to develop a proposal for providing all noncitizen immigration detainees at the Calhoun County Correctional Facility with medical records releases. (ECF No. 96). On June 12, 2020, both parties proposed a plan for the production of medical records and/or the distribution of medical records releases. (ECF No. 111.)

Although both parties note that an order requiring Defendants to produce all medical records in their possession would be the most efficient route forward, the Court will not order the production of medical records for detainees whom Plaintiffs' counsel does not currently represent. On June 15, 2020, Plaintiffs filed a motion for class certification. (ECF No. 112.) Unless and until the Court grants Plaintiffs motion, Plaintiffs represent only a putative class.

Nor will the Court delay in ordering the distribution of medical releases to detainees. Defendants requested that, "[i]n light of recent authority from the Sixth Circuit and the significant administrative burden on Respondents and nonparty Calhoun County Correctional Center who must compile the medical records," the Court defer ordering any distribution or production until it has adjudicated the pending motion for injunctive relief. (ECF No. 111, PageID.3766.) On June 11, 2020, the Court received Defendants notice of supplemental authority regarding new Sixth Circuit precedent relevant to the merits of Plaintiffs' motion for a temporary restraining order. (ECF No. 109 (citing *Wilson, et al. v. Williams, et al.*, No. 20-3447, 2020 WL 3056217 (6th Cir. June 9, 2020) and *Cameron, et al. v. Bouchard, et al.*, No. 20-1469 (6th Cir. June

11, 2020)).) The Court will address the applicability of *Wilson* and *Cameron* to this case in a forthcoming opinion. However, neither case bears on the Court's need to manage this litigation as it moves from adjudicating preliminary injunctive relief to weighing the propriety of class certification. "Good cause for expedited discovery exists when the need for the expedited discovery outweighs the prejudice to the responding party, based on the entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances." *N. Atl. Operating Co., Inc. v. Ebay Seller Dealz_For_You*, No. 2:17-10964, 2017 WL 6059505, at *1 (E.D. Mich. Dec. 7, 2017) (quoting Moore's Federal Practice—Civil § 26.121 (2016)). The Court acknowledges the administrative burden created by mandated production of medical records, but the Court finds that the need for medical records—such that the Court and the parties may fully understand the contours of Plaintiffs' proposed subclass of medically vulnerable detainees—outweighs that burden in light of Plaintiffs' pending motion for class certification (ECF No. 112) and the Court's attendant briefing schedule (ECF No. 96).

Accordingly, the Court orders the following with respect to the distribution of medical releases and the production of medical records:

Defendants are ordered to provide Plaintiffs with a list of all individuals who Defendants believe to be at a heightened risk of dire outcome from COVID-19 by Thursday, June 18, 2020. For each detainee, Defendants must list each condition that Defendants believe places the detainee at heightened risk.

By Thursday, June 18, 2020, Defendants are ordered to provide all Calhoun County Correctional Facility detainees who have not yet signed medical releases with both ICE medical releases, general medical releases, and a cover letter authored by Plaintiffs' counsel which makes clear that signing any release is voluntary.

Defendants are ordered to collect and return to Plaintiffs all signed releases on Friday, June 19, 2020, again on Wednesday, June 24, 2020, and every five business days thereafter.

For detainees for whom records have not already been produced and whom Defendants contest are at heightened risk of a dire outcome from COVID-19, Defendants must produce all Calhoun County Correctional Facility medical and intake records within fourteen days of receipt of a signed release.

IT IS SO ORDERED.

Dated: June 16, 2020                      s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 16, 2020.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager