# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Janet Malam,

    Petitioner-Plaintiff,

and

Qaid Alhalmi, *et al.*,

    Plaintiff-Intervenors,

v.

Rebecca Adducci, *et al.*,

    Respondent-Defendants.

_____/

Case No. 20-10829

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

## ORDER ESTABLISHING BAIL HEARING PROCEDURES

On July 31, 2020, the Court certified a class of all noncitizens in ICE custody at the Calhoun County Correctional Facility and a habeas litigation group of all such noncitizens who are at increased risk of a dire outcome from COVID-19. (ECF No. 162.) On August 4, 2020, the Court established procedures to determine which members of the class are also members of the habeas litigation group. (ECF No. 166.) The Court now

establishes procedures to consider members of the habeas litigation group for bail pending adjudication of the merits.

## I. **Legal Standard**

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and 'the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

## II. **Analysis**

The habeas litigation group makes a substantial claim of law. In eight prior opinions in this case and its companion case, No. 20-10921 *Zaya v. Adducci*, the Court has granted preliminary injunctive relief after finding that medically vulnerable detainees had shown a likelihood of success on the merits of their due process claim challenging their continued detention at the Calhoun County Correctional Facility. (*See* ECF Nos. 23 (granting Petitioner Malam TRO), 29 (granting Plaintiff

2

Toma TRO), 33 (converting Malam TRO into preliminary injunction), 41 (converting Toma TRO into preliminary injunction); 68 (granting preliminary injunction for Plaintiffs Alhalmi and Cardona Ramirez); 90 (granting preliminary injunction for Plaintiffs Salabarria and Rosales Borboa); 127 (granting preliminary injunction for Plaintiffs Barash, Krcoska, Perez Pavon, Ley Santana, Johanna Whernman, and William Whernman); *Zaya v. Adducci*, Case No. 20-10921, 2020 WL 1903172 (E.D. Mich. Apr. 18, 2020) (granting Petitioner Zaya TRO); *Zaya v. Adducci*, Case No. 20-10921, 2020 WL 2487490 (E.D. Mich. Apr. 18, 2020) (converting Zaya TRO into preliminary injunction).) Now, habeas litigation group members, raising identical claims, remain in the same conditions that the Court has repeatedly found are likely to violate these members' Fifth Amendment rights. Additionally, the COVID-19 pandemic constitutes an exceptional circumstance deserving special treatment in the interests of justice. The Court will consider all habeas litigation members for bail.

### III. **Procedure**

Akin to criminal proceedings, the Court will conduct individualized bail hearings to assess whether each habeas litigation group member

3

would pose either a risk of flight or danger to the community if granted bail. 18 U.S.C. § 3142. Other district courts have instituted effective procedures to manage significant numbers of bail applications in similar cases during COVID-19. *See Savino v. Souza*, Case No. 20-cv-10617 (D. Mass. Apr. 8, 2020); *Zepeda Rivas v. Jennings*, Case No. 20-cv-027321 (N.D. Cal. Apr. 29, 2020). Beginning Wednesday, August 12, the Court will consider ten individual bail applications per day from non-disputed habeas litigation group members. Beginning Wednesday, August 26, the Court will consider ten individual bail applications per day from disputed group members whom the Court finds to be members of the habeas litigation group. At each bail hearing, the Court will hear argument from both parties pertaining to whether an individual group member would pose a risk of flight or danger to the community upon release.

### IV. **First Hearing**

Pending the parties' submissions regarding habeas litigation group membership, the Court will hold a bail hearing for six individuals.

On July 1, 2020, seven Applicants moved to intervene as named Plaintiffs in this action, alleging that because of their underlying medical conditions they are at increased risk of a dire outcome from COVID-19 and face a high risk of irreparable injury in continued detention. (ECF No. 130.) On June 18, 2020, Defendants identified Applicants Jin Gan, Ahammad Ali, Pedro Quijada, and Tauqir Niazi as being at a heightened risk of a dire outcome from COVID-19. (ECF No. 130, PageID.4289.) On May 11, 2020, Defendants identified Applicants Ziggy Marcus Garvie and Juan Guerrero Bernardez as detainees with chronic medical conditions. (*Id.*) Plaintiffs identified Applicant Zaid Shaher Mohammad al-Araj as medically vulnerable. (*Id.*)

The Court finds that Applicants Gan, Ali, Quijada, Niazi, Garvie, and Gerrero Bernardez are at heightened risk of a dire outcome from COVID-19. Applicant Ali suffers from asthma that causes shortness of breath at least two or three times per week and regular nighttime awakenings. (ECF No. 130, PageID.4297.) Applicant Jin is sixty-nine years old and suffers from hypertension and Type 2 diabetes. (*Id.* at PageID.4298.) Applicant Niazi suffers from high blood pressure and diabetes. (*Id.*) Applicant Quijada suffers from severe rheumatoid

5

arthritis and diabetes. (*Id.*) Defendants identified Applicants Ali, Jin, Niazi, and Quijada as being at heightened risk of a dire outcome from COVID-19. (*Id.* at PageID.4289.) Accordingly, the Court concludes that these Applicants are habeas litigation group members.

Applicant Bernardez is fifty-nine years old and suffers from hypertension. (*Id.* at PageID.4297.) Applicant Garvie suffers from hypertension and tuberculosis. (*Id.* at PageID.4298.) Defendants identified Applicants Bernardez and Garvie as having chronic medical conditions but did not identify them as being at heightened risk of a dire outcome. (*Id.* at PageID.4289.) In another case involving a medically vulnerable detainee challenging the constitutionality of civil detention during COVID-19, the Court reviewed recent public health developments to conclude that hypertension increases an individual's risk of a dire outcome from COVID-19. *Dikeh v. Adducci*, Case No. 20-11166 (E.D. Mich. July 1, 2020), ECF No. 16 at PageID.261. Accordingly, the Court finds that Applicants Bernardez and Garvie are members of the habeas litigation group.

Applicant Zaid Shaher Mohammad al-Araj is fifty-two years old and suffers from high blood pressure and corresponding respiratory

6

problems. (ECF No. 130, PageID.4296.) Defendants did not identify Applicant al-Araj as either having chronic medical conditions or being at increased risk of a dire outcome from COVID-19. The Court will adjudicate Applicant al-Araj's membership in the habeas litigation group upon receiving the briefing specified in the Court's August 4, 2020 order. (ECF No. 168.)

The Court will hold a bail hearing for these six habeas litigation group members on Monday, August 10, 2020 at 10:30AM. Defendants are ordered to file summaries of these group members' criminal histories and any other information related to their risk of flight no later than Friday, August 7.

**IT IS SO ORDERED.**

Dated: August 4, 2020       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2020.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager