UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,
        Petitioner-Plaintiff,

and

Qaid Alhalmi, *et al.*,

        Plaintiff-Intervenors,

v.

Rebecca Adducci, *et al.*,

        Respondent-Defendants.

_____/

Case No. 20-10829

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

## ORDER AMENDING GENERAL CLASS AND HABEAS LITIGATION GROUP DEFINITIONS [162]

On July 31, 2020, the Court certified a class of all noncitizens who are detained in ICE custody at the Calhoun County Correctional Facility and a habeas litigation group of all such noncitizens who have one or more medical risk factors placing them at heightened risk of severe illness or death if exposed to COVID-19. (ECF No. 162, PageID.5149.) The Court now amends the class and habeas litigation group definitions to include noncitizens formerly detained at the Calhoun County

1

Correctional Facility and released as a result of an order issued by the undersigned.

The Court recently granted Petitioner Fawzi Zaya's motion to voluntarily dismiss his individual petition in a companion case to this litigation so that Zaya could join the class and habeas litigation group. *Zaya v. Adducci*, Case No. 20-10921 (E.D. Mich. Aug. 18, 2020), ECF No. 44. The Court enjoined Defendants from rearresting Zaya until the Court is able to adjudicate a bail application on his behalf in this case. However, Respondent Rebecca Adducci argued that "Petitioner, who is not detained, is not 'in custody' at Calhoun for purposes of falling within the class definition in Malam, unless and until he is re-detained and held at Calhoun." *Zaya v. Adducci*, Case No. 20-10921 (E.D. Mich. Aug. 14, 2020), ECF No. 33.

Respondent is correct that detainees who have been released do not fit within the precise scope of the class or habeas litigation group as written. But former detainees who have been released from custody at the Calhoun County Correctional Facility by virtue of a Court order face redetention should the order or injunction expire or be overturned. These detainees' claims are functionally identical to the claims brought by those

still in custody; the only difference is that Defendants are enjoined from imposing allegedly punitive conditions of confinement. The Court finds that individual noncitizens who are released by injunction or a grant of bail may be members of both the class and habeas litigation group; only Defendants' voluntary release of a detainee will remove an individual from this aggregate litigation.

Accordingly, the Court amends its certification order pursuant to Federal Rule of Civil Procedure 23(c)(1)(C). The class is now defined as all noncitizens who are detained in ICE custody at the Calhoun County Correctional Facility or who have been released pursuant to a preliminary injunction or bail order issued by the undersigned. The habeas litigation group is now defined as of all noncitizens who are detained in ICE custody in the Calhoun County Correctional Center or who have been released pursuant to a preliminary injunction or bail order issued by the undersigned, and who have one or more medical risk factors placing them at heightened risk of severe illness or death if exposed to COVID-19.

Plaintiffs are ordered to file a bail application for Plaintiff Fawzi Zaya within a reasonable period of time. The Court will set more specific deadlines should the need arise.

**IT IS SO ORDERED.**

Dated: August 19, 2020       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2020.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager