UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,

        Petitioner-Plaintiff,

and

Qaid Alhalmi, *et al.*,

        Plaintiff-Intervenors,

v.

Rebecca Adducci, *et al.*,

        Respondent-Defendants.

_____/

Case No. 20-10829

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**SEALED SECOND ORDER ON BAIL [206-208, 213, 215]**

Between August 24, 2020 and August 26, 2020, Plaintiffs submitted bail applications for habeas litigation group members Maikel Antonio Cutiño-Dominguez, Pierre Kadesipe, Humberto Gutierrez Millares, Tania Ramirez Soto, and Yara Teixeira Da Graça Mendoça. (ECF Nos. 206–208, 213, 215.) Between August 27, 2020 and August 31, 2020, Defendants filed responses. (ECF Nos 216–218, 220, 222.) Between August 31, 2020 and September 2, 2020, Plaintiffs filed replies. (ECF

Nos. 225–226, 228–229, 231.) After reviewing the applications and briefing, the Court grants bail for group members Cutiño-Dominguez, Kadesipe, Gutierrez Millares, and Ramirez.

## I. Eligibility for Bail

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

On August 4, 2020, the Court found that "[t]he habeas litigation group makes a substantial claim of law" because group members have consistently shown a likelihood of success on the merits. (ECF No. 168, PageID.5294.) Additionally, the Court found that "the COVID-19 pandemic constitutes an exceptional circumstance deserving special treatment in the interests of justice." (*Id.* at PageID.5295.) Calhoun County Correctional Facility currently has ten positive cases for COVID-

19. E-mail from Jennifer L. Newby, Assistant U.S. Att'y, to William J. Barkholz, Case Manager to Judge Judith E. Levy (Sept. 1, 2020, 14:48 EST) (on file with author).

The Court continues to find that group members raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional.[1]

## II. Individual Bail Applications

The Court makes the following findings with respect to the individual bail applications:

<u>*Maikel Antonio Cutiño-Dominguez*</u> (ECF No. 206)

Plaintiffs write that Cutiño-Dominguez has no criminal history in Cuba and no violent criminal history in the United States. (ECF No. 206, PageID.5893.) Plaintiffs further write that Cutiño-Dominguez intends to pursue immigration relief, including under the Cuban Adjustment Act, ("CAA"), Pub. L. No. 89–732, 80 Stat. 1161 (1966). (*Id.* at PageID.5894–5895.) If released, Cutiño-Dominguez will stay with his brother and his

---

[1] Defendants continue to raise variations of the argument that habeas litigation group members will not be safer upon release. As stated previously, the Court will no longer consider or address this argument at this stage of the litigation. (ECF No. 210, PageID.6075–6076.)

3

brother's family in Louisville, Kentucky. (*Id*. at PageID.5896.) Defendants argue that Cutiño-Dominguez is a flight risk because an Immigration Judge found him to be a risk due to his recent illegal entry, few ties to the United States, and lack of property in the United States. (ECF No. 218, PageID.6289.) Defendants do not argue that Cutiño-Dominguez would be a danger to the community. (*Id*.) Plaintiffs reply that Cutiño-Dominguez is not a flight risk given his family ties in the United States and his eligibility for relief from removal. (ECF No. 225, PageID.6391.)

After thoroughly reviewing the parties' submissions, the Court finds that Cutiño-Dominguez's strong familial ties show that he is a low flight risk and is not a danger to the community upon release. Accordingly, Cutiño-Dominguez's application for bail is granted.

*Pierre Kadesipe* (ECF No. 207)

Plaintiffs write that Kadesipe, who suffers from schizophrenia, will stay with his family in Grand Rapids, Michigan if released. (ECF No. 207, PageID.5921–5923.) Plaintiffs note that while Kadesipe has a history of domestic violence against his family, the harm sustained in these

4

incidents was minimal and the family "never intended for [Kadesipe] to be charged and detained." (*Id.* at PageID.5923–5924.)

Defendants respond that Kadesipe's history of domestic violence was more extensive than the incidents outlined by Plaintiffs, and that such history makes Kadesipe a danger to his family and the community. (ECF No. 216, PageID.6209–6213.) Additionally, Defendants argue that Kadespie's noncompliance with his psychiatric medication while detained raises concerns of Kadespie's compliance if released. (*Id.* at PageID.6212–6213.) Plaintiffs reply that Kadesipe's only criminal conduct occurred during when he was not receiving mental health treatment. (ECF No. 231, PageID.6572.) Plaintiffs write that Kadesipe received substantial mental health treatment after his convictions and could continue to pursue comprehensive, individualized care if released. (*Id.* at PageID.6573.)

The Court finds Kadesipe is neither a flight risk nor a danger to the community given his proposed release plan. However, the Court will release Kadesipe on bail with the condition that he receive psychiatric treatment and remain on all prescribed medications in the doses and at

5

the frequency prescribed. Accordingly, Kadesipe's application for bail is granted with this additional condition.

*Humberto Gutierrez Millares* (ECF No. 208)

Plaintiffs write that Gutierrez Millares has no criminal convictions in either Cuba or the United States and will stay with his mother and her partner in Lincoln, Nebraska, upon his release. (ECF No. 208, PageID6018, 6020.) Defendants write that Gutierrez Millares was arrested and charged with discharging a weapon after a witness claimed to see Gutierrez Millares brandishing an air gun in a parking lot. (ECF No. 217, PageID6018, 6256–6257.) Defendants argue that this charge, in conjunction with self-harm and assaultive conduct while in custody at Calhoun, indicates Guitierrez Millares is a danger to himself and the community. (*Id.* at PageID6257–6258.) Defendants do not argue that Guitierrez Millares would be a flight risk. (*Id.*)

Plaintiffs reply that the charges against Gutierrez Millares were dismissed and argue that Defendants fail to account for the changed circumstances that release would provide. (ECF No. 226, PageID6416–6417.) Additionally, Plaintiffs note that the Board of Immigration

6

Appeals ("BIA") recently granted Gutierrez Millares' appeal regarding his asylum claim. (*Id.* at PageID6417.)

The Court concludes that although Gutierrez Millares engaged in self-harm and combative conduct while in custody, he did not engage in such activity prior to being incarcerated. Accordingly, he will not be a danger to himself or the community upon release. Additionally, his strong ties to his family and the BIA's recent remanding of his case for consideration of his asylum petition demonstrate that he will not be a flight risk. Accordingly, Gutierrez Millares' application for bail is granted.

### *Tania Ramirez Soto* (ECF No. 213)

Plaintiffs write that Ramirez has lived in the United States for over twenty-six years and has no violent criminal history. (ECF No. 213, PageID.6149.) If released, she will live with her family in Miami, Florida. (*Id.*) She has close ties to the community through her church, previous employment, and large extended family. (*Id. at* PageID.6153.) Defendants argue that Ramirez should be presumed to be a danger because she is subject to mandatory detention. (ECF No. 220, PageID.6305.) Defendants also argue that Ramirez is a flight risk

because of her history of probation violations, her several missed appearances in criminal court and immigration proceedings, and her partner's international travel through his employment. (*Id.*) Plaintiffs reply that Ramirez's absences were caused by her need to frequently move in search of work and consequently, she missed notices to report. (ECF No. 229, PageID.6461.)

The Court concludes that although Ramirez is subject to mandatory detention, her criminal history is all nonviolent and she will not be a danger to the community upon release. Additionally, the Court concludes that Ramirez will not be a flight risk. Accordingly, Ramirez's application for bail is granted.

### Yara Teixeira Da Graça Mendoça (ECF No. 215)

Defendants explain in their response that Mendoça has a ticketed itinerary for a scheduled removal date of September 15, 2020. (ECF No. 222, PageID.6325.) Federal courts are precluded from exercising subject-matter jurisdiction over claims arising from the decision by the Department of Homeland Security to execute removal orders. *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 620-621 (6th Cir. 2010); *see also*

8

8 U.S.C. § 1252(g). Additionally, Mendoça's removal is imminent. Accordingly, Mendoça's application for bail is denied.

### III. Conclusion

For the reasons stated above, the Court grants bail for habeas litigation group members Cutiño-Dominguez, Kadesipe, Gutierrez Millares, and Ramirez. Each habeas litigation group member is subject to the conditions outlined in this Court's August 12, 2020 order. (ECF No. 179.) Additionally, habeas litigation group member Kadesipe is subject to the additional condition that he must receive psychiatric treatment and remain on all prescribed medications in the doses and at the frequency prescribed for the pendency of this case. The Court denies habeas litigation group member Mendoça's bail application.

**IT IS SO ORDERED.**

Dated: September 4, 2020        s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2020.

                                s/William Barkholz
                                Case Manager

9