UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,
        Petitioner-Plaintiff,

and

Qaid Alhalmi, *et al.*,

        Plaintiff-Intervenors,

v.

Rebecca Adducci, *et al.*,

        Respondent-Defendants.

_____/

Case No. 20-10829

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

## FIFTH ORDER ON BAIL [283]

On September 18, 2020, Plaintiffs submitted a bail application for habeas litigation group member Rose Dikeh. (ECF No. 283.) On September 23, 2020, Defendants filed a response. (ECF No. 291.) That same day, the Court underwent in camera review of the travel documents for Dikeh's scheduled removal. E-mail from Bradley H. Darling, Assistant U.S. Att'y, to Cassandra J. Thomson, Law Clerk to Judge Judith E. Levy (Sept. 23, 2020, 11:20 EST) (on file with the Court). On

September 24, 2020, Plaintiffs filed a reply. (ECF No. 295.) After reviewing the application and briefing, the Court grants bail for group member Dikeh.

## I. Eligibility for Bail

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

On August 4, 2020, the Court found that "[t]he habeas litigation group makes a substantial claim of law" because group members have consistently shown a likelihood of success on the merits. (ECF No. 168, PageID.5294.) Additionally, the Court found that "the COVID-19 pandemic constitutes an exceptional circumstance deserving special treatment in the interests of justice." (*Id.* at PageID.5295.) Calhoun County Correctional Facility currently has twelve positive cases for

2

COVID-19. E-mail from Jennifer L. Newby, Assistant U.S. Att'y, to Cassandra J. Thomson, Law Clerk to Judge Judith E. Levy (Sept. 16, 2020, 17:12 EST) (on file with the Court).

The Court continues to find that these group members raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional.

## II. Rose Dikeh's Bail Application (ECF No. 283)

The Court makes the following findings with respect to Dikeh's bail application.

Plaintiffs write that Dikeh has lived in the United States for seventeen years and has no criminal history. (ECF No. 283, PageID.7273.) Additionally, Plaintiffs note that Dikeh has filed a petition for review and a motion for stay of removal in the Sixth Circuit Court of Appeals. (*Id.*) If released, Dikeh will live with her friend in Chicago, Illinois. (*Id.* at PageID.7275.)

Defendants argue that Dikeh is a flight risk because an Immigration Judge denied bond to Dikeh after finding her to be a flight risk. (ECF No. 291, PageID.7393.) While Defendants do not argue that Dikeh is a danger to the community, Defendants note that Dikeh has a

3

ticketed itinerary for her scheduled removal on October 13, 2020. (*Id.*) Defendants provided Dikeh's travel documents for in camera review. E-mail from Bradley H. Darling, Assistant U.S. Att'y, to Cassandra J. Thomson, Law Clerk to Judge Judith E. Levy (Sept. 23, 2020, 11:20 EST) (on file with the Court). Additionally, Defendants note their opposition to Dikeh's motion for stay of removal before the Sixth Circuit. (ECF No. 291, PageID.7393–7394.) Plaintiffs reply that the Immigration Judge denied bond solely because of Dikeh's lack of family members in the United States. (ECF No. 295, PageID.7495.) Plaintiffs argue that Dikeh is not a flight risk because of her close ties to her friends and church. (*Id.* at PageID.7495–7496.)

The Court finds Dikeh is neither a flight risk nor a danger to the community given her proposed release plan. Further, in light of her pending motion for stay of removal at the Sixth Circuit, her removal may not be imminent. Accordingly, Dikeh's application for bail is granted.

### III. Conclusion

For the reasons stated above, the Court grants bail for habeas litigation group member Dikeh. Dikeh's release is subject to the conditions outlined in this Court's August 12, 2020 order. (ECF No. 179.)

4

Release under the bail process is to follow the bail process and standard Conditions of Release previously set forth. (*See* ECF Nos. 166, 177, 179, 243.)

**IT IS SO ORDERED.**

Dated: September 28, 2020      s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2020.

                                                 s/William Barkholz
                                                 WILLIAM BARKHOLZ
                                                 Case Manager