UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,
        Petitioner-Plaintiff,

and
        Case No. 20-10829

Qaid Alhalmi, *et al.*,
        Judith E. Levy
        United States District Judge

        Plaintiff-Intervenors,  Mag. Judge Anthony P. Patti

v.

Rebecca Adducci, *et al.*,

        Respondent-Defendants.

_____/

## **SIXTH ORDER ON BAIL [292]**

On September 23, 2020, Plaintiffs submitted a bail application for habeas litigation group member Zaid Shaher Mohammad al-Araj. (ECF No. 292.) On September 28, 2020, Defendants filed a response. (ECF No. 301.) On September 30, 2020, Plaintiffs filed a reply. (ECF No. 303.) After reviewing the application and briefing, the Court grants bail for group member al-Araj.

    **I.**    **Eligibility for Bail**

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

On August 4, 2020, the Court found that "[t]he habeas litigation group makes a substantial claim of law" because group members have consistently shown a likelihood of success on the merits. (ECF No. 168, PageID.5294.) Additionally, the Court found that "the COVID-19 pandemic constitutes an exceptional circumstance deserving special treatment in the interests of justice." (*Id.* at PageID.5295.) Calhoun County Correctional Facility currently has twelve positive cases for COVID-19. E-mail from Jennifer L. Newby, Assistant U.S. Att'y, to Cassandra J. Thomson, Law Clerk to Judge Judith E. Levy (Sept. 16, 2020, 17:12 EST) (on file with the Court).

The Court continues to find that these group members raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional.

## II. Zaid Shaher Mohammad al-Araj Bail Application (ECF No. 292)

The Court makes the following findings with respect to al-Araj's bail application.

Plaintiffs write that al-Araj has no criminal history in the United States. (ECF No. 292, PageID.7396.) Plaintiffs acknowledge that al-Araj has a conviction in Jordan and Interpol Red Notice ("Red Notice") involving unpaid checks but note that these were entered in absentia and al-Araj has not had the opportunity to contest the charges since leaving Jordan. (*Id.*) Plaintiffs highlight the nature of Red Notices as procedural tools generally and the alleged deficiencies in the process of issuing the Red Notice for al-Araj specifically. (*Id.*) Additionally, Plaintiffs note that al-Araj is appealing to the Sixth Circuit Court of Appeals regarding the Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the implementing regulations for the

3

Convention Against Torture ("CAT"). (*Id.* at PageID.7397.) If released, al-Araj will stay with his friend in Ypsilanti, Michigan. (*Id.*)

Defendants argue that al-Araj is a flight risk because an Immigration Judge denied bond to al-Araj after finding him to be a flight risk. (ECF No. 301, PageID.7542.) Defendants note that Plaintiffs fail to identify why al-Araj has not returned to Jordan to contest the charges underlying his conviction. (*Id.*) Additionally, Defendants allege that al-Araj has not moved for a stay of removal in his pending immigration appeal before the Sixth Circuit. (*Id.* at PageID.7543.) Defendants do not argue that al-Araj is a danger to the community. (*Id.*)

Plaintiffs reply that al-Araj is not a flight risk because the Red Notice diminishes the risk that al-Araj would flee. (ECF No. 303, PageID.7652.) Plaintiffs argue that al-Araj has not returned to Jordan to contest the charges underlying the Red Notice because of the danger he faces there. (*Id.* at PageID.7653.) Plaintiffs further note that the Immigration Judge's decision denying bond appears to have relied solely on the Red Notice. (*Id.*) Additionally, Plaintiffs alleged that al-Araj intends to file for a stay of removal as he proceeds *pro se* in his case before the Sixth Circuit. (*Id.*)

4

The Court concludes that although al-Araj has a Red Notice, this Red Notice diminishes any risk of flight by al-Araj, and he will not be a flight risk. Additionally, the Court concludes that al-Araj will not be a danger to the community upon release. Accordingly, al-Araj's application for bail is granted.

### III. Conclusion

For the reasons stated above, the Court grants bail for habeas litigation group member al-Araj. Habeas litigation group member al-Araj's release is subject to the conditions outlined in this Court's August 12, 2020 order. (ECF No. 179.) Release under the bail process is to follow the bail process and standard Conditions of Release previously set forth. (*See* ECF Nos. 166, 177, 179, 243.)

**IT IS SO ORDERED.**

Dated: October 2, 2020          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2020.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager