UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,
   Petitioner-Plaintiff,
          Case No. 20-10829
and
          Judith E. Levy
Qaid Alhalmi, *et al.*,    United States District Judge

   Plaintiff-Intervenors, Mag. Judge Anthony P. Patti

v.

Rebecca Adducci, *et al.*,

   Respondent-Defendants.

_____/

## SEVENTH ORDER ON BAIL [302]

On September 28, 2020, Plaintiffs submitted a bail application for habeas litigation group member Oliver Awshana. (ECF No. 302.) On October 1, 2020, Defendants filed a response. (ECF No. 304.) On October 2, 2020, Plaintiffs filed a reply. (ECF No. 313.) After reviewing the application and briefing, the Court grants bail for group member Awshana.

  I.  **Eligibility for Bail**

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

On August 4, 2020, the Court found that "[t]he habeas litigation group makes a substantial claim of law" because group members have consistently shown a likelihood of success on the merits. (ECF No. 168, PageID.5294.) Additionally, the Court found that "the COVID-19 pandemic constitutes an exceptional circumstance deserving special treatment in the interests of justice." (*Id.* at PageID.5295.) Calhoun County Correctional Facility ("CCCF") currently has twelve positive cases for COVID-19. E-mail from Jennifer L. Newby, Assistant U.S. Att'y, to Cassandra J. Thomson, Law Clerk to Judge Judith E. Levy (Sept. 16, 2020, 17:12 EST) (on file with the Court).

The Court continues to find that these group members raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional.

## II. Oliver Awshana's Bail Application (ECF No. 302)

The Court makes the following findings with respect to Awshana's bail application.

Plaintiffs write that Awshana has no violent criminal history. (ECF No. 302, PageID.7545.) Plaintiffs acknowledge Awshana has several criminal convictions involving theft and drug offenses but allege that the conduct leading to these convictions occurred during a period of time in which Awshana was actively struggling with substance abuse and complications related to his history of trauma. (*Id.*) Plaintiffs claim that Awshana has since engaged in a medication regimen, treatment, and counseling to manage his underlying mental health conditions. (*Id.* at PageID.7545–7546.) Additionally, Plaintiffs note that an Immigration Judge granted Awshana withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"). (*Id.* at PageID.7546.) An appeal on this decision made by the Department of Homeland Security ("DHS") remains pending with the Board of

Immigration Appeals ("BIA"). (*Id*. at PageID.7546.) If released, Awshana will live with his fiancé in Muskegon, Michigan. (*Id*.)

Defendants imply that Awshana should be presumed to be a danger because he is subject to mandatory detention because of his convictions for possession of a controlled substance and retail fraud. (ECF No. 304, PageID.7657.) Defendants also argue that Awshana is a flight risk because he previously refused to board a commercial aircraft and physically resisted U.S. Immigration and Customs Enforcement ("ICE") agents during a previous attempt to remove him to Iraq pursuant to a final order of removal. (*Id*. at PageID.7658.) Defendants allege that Awshana was transferred to CCCF after this incident, and that Awshana's continued detention thus resulted from his recalcitrance in defying lawful court orders. (*Id*.)

Additionally, Defendants note that Awshana has sought habeas relief from detention on three previous occasions during the last 18 months and was denied habeas relief each time. (*Id*. at PageID.7658–7659.) Defendants highlight the most recent habeas action, in which Judge David M. Lawson of the Eastern District of Michigan denied Awshana habeas relief under the Fifth Amendment during the first

4

months of the COVID-19 pandemic, but explicitly indicated that Awshana's petition could be renewed if conditions changed. *See Awshana v. Adducci*, 453 F.Supp.3d 1045 (E.D. Mich. 2020). (*Id.* at PageID.7659.) Defendants note that Awshana has not renewed his petition before Judge Lawson and abandoned the appeal from that case, instead choosing to file a bail application in this action. (*Id.*)

Plaintiffs reply that there is no statutory presumption of danger for individuals held under mandatory detention. (ECF No. 313, PageID.7829.) Plaintiffs allege that Awshana's resistance to the prior removal attempt was consistent with his terror of returning to Iraq out of fear of being tortured. (*Id.*) Plaintiffs further argue that Awshana is not a flight risk because he has great interest in pursuing his immigration case and incentive to comply with any conditions of release. (*Id.* at PageID.7830.)

Additionally, Plaintiffs argue that Awshana's previous habeas petitions have no bearing on Awshana's current bail application before the Court. (*Id.*) Plaintiffs point out that conditions have materially changed in the interim since Judge Lawson denied habeas relief to Awshana: Defendants now concede that Awshana is at a heightened risk,

5

and CCCF now has 12 confirmed cases of COVID-19. (*Id.*) Plaintiffs note that Defendants have identified no reason why Awshana should be required to file an entirely new habeas case rather than utilizing the bail application process established by the Court. (*Id.*)

The Court finds Awshana is neither a flight risk nor a danger to the community given his proposed release plan. Further, the Court previously declined to limit the class definition to exclude detainees who brought individual habeas petitions that were denied. (ECF No. 162, PageID.5148–5149.) Accordingly, Awshana's application for bail is granted.

### III. Conclusion

For the reasons stated above, the Court grants bail for habeas litigation group member Awshana. Awshana's release is subject to the conditions outlined in this Court's August 12, 2020 order. (ECF No. 179.) Release under the bail process is to follow the bail process and standard Conditions of Release previously set forth. (*See* ECF Nos. 166, 177, 179, 243.)

**IT IS SO ORDERED.**

Dated: October 13, 2020     s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
