# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Janet Malam,

   Petitioner-Plaintiff,

            Case No. 20-10829

and

            Judith E. Levy

Qaid Alhalmi, *et al.*,     United States District Judge

   Plaintiff-Intervenors, Mag. Judge Anthony P. Patti

v.

Rebecca Adducci, *et al.*,

   Respondent-Defendants.

_____/

## ORDER FOR IN-PERSON FACILITY INSPECTION BY PLAINTIFFS' EXPERT

  Over approximately the last month, Calhoun County Correctional Facility ("Calhoun" or "the facility") has been experiencing a COVID-19 outbreak. *See* (ECF Nos. 365, 388.) Through filings submitted as part of the bail process and supplemental briefing, the Court has repeatedly received information suggesting that there may be a discrepancy between the facility's policies to address COVID-19, the current outbreak, and the implementation or execution of these policies at the facility. *See* (ECF No.

417-2, PageID.11065–11072.) Because of the high risks associated with a COVID-19 outbreak in a custodial facility, the Court will order a medical expert inspection to determine the current conditions at Calhoun. While the results of the inspection may ultimately indicate that there is little to no discrepancy between the policies and the practices in place, it is necessary information for the Court to consider whether any additional relief is needed. Indeed, the outcome of the inspection may reveal that Defendants have reduced the risk of harm to Plaintiffs that has warranted the relief the Court has ordered in this case thus far.

The parties were unable to agree on a protocol for either an in-person or a hybrid model of inspection (i.e., Dr. Robert Greifinger conducting the inspection remotely with an in-person assistant). *See* (ECF Nos. 426, 427.) Defendants maintain that no inspection is warranted, but if the Court orders that one take place with either Dr. Greifinger (remotely) or Dr. Venters, they plan to provide a rebuttal report. (ECF No. 427, PageID.11289.) In light of the fact that Defendants plan to retain their own expert regardless of the Court's selection of a medical expert, the Court will approve Plaintiffs' initial request for an in-

person inspection to be conducted by Dr. Homer Venters. Defendants may submit a rebuttal report as set forth below.

It is hereby **ORDERED** pursuant to the Federal Rules of Civil Procedure, including Rules 26 and 34, and the Court's inherent authority, that:

1. Defendants shall permit Plaintiffs' expert, Dr. Homer Venters, *see* (ECF No. 419-4), to inspect Calhoun, located at 185 E Michigan Ave, Battle Creek, MI 49014. The inspection will occur on a mutually agreed date within 14 days of the date of this Order.[1] The inspection will start at a time agreed to by the parties and will be limited to a total of eight hours, not including reasonable time for technology issues and breaks.

2. In addition to Dr. Venters, a Spanish-speaking interpreter may attend the inspection in person. Counsel for the parties may attend the inspection in person or remotely through a video feed. Defendants shall make available a minimal number of other personnel necessary to guide Dr. Venters through the facility.

---

[1] If orders from the Michigan Department of Health and Human Services, the Centers for Disease Control and Prevention, or other authority prohibit travel during this time, the parties may seek an appropriate extension of time.

3

3. Dr. Venters, the interpreter, and any counsel who attend the inspection in person must provide documentation of a negative COVID-19 test within three days preceding the inspection and will be screened for symptoms of COVID-19 before entry into the facility is permitted.

4. Upon the request of Dr. Venters, Defendants will make the appropriate staff (including contractor staff) available during the inspection to answer questions regarding medical care and Calhoun's COVID-19 response. Dr. Venters may also provide the parties with a list of staff he wishes to interview, and Defendants shall ensure that he has the opportunity to interview those individuals, confidentially in person or via telephone or video either before or after the inspection, as requested by Dr. Venters.

5. During the inspection, Dr. Venters will be permitted to speak with any immigration or criminal detainee at the facility, with their permission, in confidence and outside the presence of Calhoun staff, Plaintiffs' or Defendants' counsel, and any other individuals associated with the parties.

6. Defendants may not retaliate against detainees or staff for speaking with or communicating with Dr. Venters.

7. All individuals present in person are required to wear full personal protective equipment to safely enable the inspection, including gloves and an N-95 mask. All individuals present must follow the Centers for Disease Control and Prevention's social distancing guidelines. Calhoun will provide the required personal protective equipment for Dr. Venters, the interpreter, and detainees and staff selected for in-person interviews.

8. The video feed of the inspection will be recorded throughout the time of the inspection, with two exceptions: (1) there will be no recording of security procedures, door mechanisms, control rooms, the ventilation system, or anything else identified to be a security risk[2]; and (2) Dr. Venters may choose not to record interviews of detainees or staff. Dr. Venters may bring cameras, cell phones, a computer or tablet, pens, papers, and any other equipment required to conduct the inspection. Dr. Venters will be permitted to document observations with photographs,

---

[2] If Defendants identify a portion of the video feed of the inspection as a security risk while the inspection is taking place, and Plaintiffs object to Defendants' determination, the recording will be made of the disputed content. The parties can meet and confer following the completion of the in-person inspection to determine how to proceed with the contested portion of the recording. The Court will resolve any disputes that remain after the parties' initial discussions on any disputed portions.

5

recordings, notes, or other necessary means. No photographs, videos, or audio recordings of detainees shall be taken without their consent.

9. No recording, photograph, or any other visual or audio representation taken during the inspection will be filed on the docket unless agreed by all parties. To the extent necessary to resolve a dispute or as requested by the Court, it may be presented to the Court for in camera review.

10. Dr. Venters will be allowed to inspect:

a. Any housing unit, including but not limited to, individual cells, dormitory-style housing, medical housing, solitary and isolation units, quarantine units, and shared dayrooms.

b. Any space used by the detainees, including but not limited to, those spaces used for: exercise, dining, personal hygiene (including bathrooms and showers), receiving medical care or medical evaluation (including mental health care), working (including kitchens and laundry facilities), visiting (with legal counsel or family/friends), communicating (including areas for making phone and video calls), attending court (in person and remotely), being booked into or out of the facility, and processing or

waiting for transportation (including vehicles). These spaces include any hallways or paths of travel within Calhoun.

    c.    Any space used by staff who may come into contact with detainees, including but not limited to, spaces used for dining, rest breaks, meetings, offices, and personal hygiene (including bathrooms and showers).

    d.    Any areas where cleaning supplies, personal protective equipment, and medical supplies are stored and maintained.

    e.    Any areas used by medical staff.

    f.    Ventilation systems. However, recording will not be permitted due to security concerns.

    g.    Any other area Dr. Venters determines is necessary to complete the inspection.

11.    At least five days in advance of the facility inspection, Defendants shall provide the following documents or records to both Dr. Venters and Plaintiffs' counsel, to the extent they have not already been provided:

    a.    All current facility and vendor policies and procedures related to preventing and addressing COVID-19 transmission at

Calhoun, including but not limited to, surveillance, risk mitigation, containment, intake, testing, housing (separations), language access, and disinfection.

  b. Access to care policies and nursing guidelines for COVID-19 screening and clinical evaluation.

  c. All policies and procedures for identifying, protecting, and reporting detainees vulnerable by their age or morbidities.

  d. Health care staffing (positions) list, by FTE, indicating current fill or vacancy.

  e. Morbidity report (M&M) for COVID-19 outbreak, beginning in October 2020.

  f. For the period of October 1, 2020 through November 13, 2020, and for the two-week period preceding the inspection: sick call requests; medical isolation records; screening records from quarantine units; health-related grievances and responses; rosters of emergency room and hospital visits; and admissions to the medical unit.

  g. Chronic care clinic visits/logs for October and November 2020.

    h.    Medication list, by detainee, for detainees currently in custody.

12. In addition, Plaintiffs may provide Dr. Venters any documents they believe are relevant to the inspection, including documents subject to the Second Amended Protective Order (ECF No. 221), and documents that have been filed under seal. The parties shall provide copies to opposing counsel of any documents provided to Dr. Venters at the time they are provided to him.

13. Dr. Venters shall prepare a written report of his findings within 14 days after the conclusion of the inspection. The parties may agree on another date but shall notify the Court of any changes to the deadline.

14. At this time, Plaintiffs will be responsible for any costs related to the inspection conducted by Dr. Venters. Additionally, at this time, Defendants will be responsible for any costs for a rebuttal report by an expert retained by Defendants.

**IT IS SO ORDERED.**

Dated: December 3, 2020        s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                      United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 3, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
