UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,
    Petitioner-Plaintiff,
           Case No. 20-10829
and
           Judith E. Levy
Qaid Alhalmi, *et al.*,    United States District Judge

    Plaintiff-Intervenors, Mag. Judge Anthony P. Patti

v.

Rebecca Adducci, *et al.*,

    Respondent-Defendants.

_____/

**TENTH ORDER ON BAIL**
**[416]**

Petitioner-Plaintiffs Qaid Alhalmi, Waad Barash, Lenche Krcoska, Yohandry Ley Santana, Janet Malam, Sergio Perez Pavon, Damary Rodriguez Salabarria, Emanuel Rosales Borboa, and Amer Toma (collectively "Petitioners-Plaintiffs") are all individuals whom the Court previously ordered to be released pursuant to preliminary injunctions entered between April and June of 2020. (ECF Nos. 33, 41, 68, 90, 127.) Under the preliminary injunctions, Defendants were restrained from

arresting Petitioner-Plaintiffs for civil immigration detention purposes "until the State of Emergency in Michigan (related to COVID-19) [wa]s lifted or under further Court Order stating otherwise." (ECF No. 33, PageID.727–728); (*see also* ECF Nos. 41, 68, 90, 127.)

On October 2, 2020, the Michigan Supreme Court held that Governor Gretchen Whitmer lacked the authority to extend the COVID-19-related state of emergency in Michigan beyond April 30, 2020. *In re Certified Questions From United States Dist. Court, W. Dist. of Michigan, S. Div.*, ___ Mich. ___ (Oct. 2, 2020). In light of this decision, the Court determined that it would review "expedited and streamlined bail applications" in which Plaintiffs would submit a motion to consider the Petitioner-Plaintiffs for bail through the previously-established bail process as well as a notice regarding the Petitioner-Plaintiffs' proposed custodians. E-mail from Cassandra J. Thomson, Law Clerk to Judge Judith E. Levy, to My Khanh Ngo, Staff Attorney with the American Civil Liberties Union (October 23, 2020, 14:07 EST) (on file with the Court).

On November 19, 2020, Plaintiffs submitted a joint bail application and notice of custodian information for Petitioners-Plaintiffs.[1] (ECF No. 416.) On November 30, 2020, Defendants filed a response. (ECF No. 429.) On December 7, 2020, Plaintiffs filed a reply. (ECF No. 450.)

After reviewing the application and briefing, the Court grants bail for Petitioner-Plaintiffs Alhalmi, Barash, Krcoska, Ley Santana, Malam, Perez Pavon, Rodriguez Salabarria, Rosales Borboa, and Toma.

## I. Eligibility for Bail

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

---

[1] Plaintiffs' bail application submitted on November 19, 2020, originally also sought bail for Tomas Cardona Ramirez. (ECF No. 416.) On December 1, 2020, the Court granted Defendants' emergency motion to re-detain Cardona Ramirez upon learning that Cardona Ramirez had cut his GPS tether and absconded. (ECF No. 437.) In Plaintiffs' reply submitted on December 7, 2020, Plaintiffs withdrew the bail application for Cardona Ramirez. (ECF No. 450, PageID.11575.)

3

Unfortunately, circumstances have changed for the worse since the Petitioner-Plaintiffs were first released. When the Court granted the preliminary injunctions releasing Malam (ECF No. 33), and Toma (ECF No. 41), from custody, there were zero confirmed cases of COVID-19 at Calhoun County Correctional Facility ("CCCF"). (ECF No. 381, PageID.10189.) By the time Alhalmi, Rodriguez Salabarria, Rosales Borboa, Barash, Krcoska, Ley Santana, and Perez Pavon were released in May and June of 2020, CCCF had had a total of six positive cases throughout the pandemic. (ECF No. 127, PageID.4188–4190.) Now, as the Court considers the Petitioner-Plaintiffs' applications for bail, CCCF has been in a COVID-19 outbreak for approximately a month. (*See* ECF Nos. 365, 388.) As of December 4, 2020, a total of 64 detainees and inmates, as well as six staff members, have tested positive for COVID-19. (*See* ECF No. 450, PageID.11576 (outlining the progression of additional positive cases at CCCF reported since November 2, 2020).) Additionally, the current state of the COVID-19 pandemic has surpassed previous records recorded in April of 2020. See *'Never expected this to happen in the US': How the COVID-19 pandemic exploded from March to December*, USA Today (Dec. 8, 2020),

*https://www.usatoday.com/story/news/health/2020/12/08/covid-19-pandemic-changed-since-march-more-deaths-vaccine/3782671001/* [https://perma.cc/C8SR-7PP9]. ("Only eight days since the start of the pandemic have seen more than 2,500 deaths in the U.S. Four were in April. Four are in December.").

On November 30, 2020, the Court found that "[t]he habeas litigation group members continue to raise substantial claims of law" because group members "continue to show a likelihood of success on the merits of their due process claim challenging their continued detention at CCCF during the COVID-19 pandemic." (ECF No. 430, PageID.11345, 11348.) Additionally, the Court found that "COVID-19 presents special circumstances making the bail applications exceptional." (*Id.* at PageID.5295.)

The Court continues to find that these group members raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional. The Court will continue to evaluate individual bail applications on a conditional basis while awaiting the completion of the expert inspections of CCCF.

## II. Individual Bail Applications

The Court has previously considered the applications of each of the Petitioner-Plaintiffs in great detail and determined that each individual could be safely released into the community and was to be released from custody. (ECF Nos. 33, 41, 68, 90, 127.)

In opposition to Petitioner-Plaintiffs' continued release, Defendants present information outlining multiple violations of the Court's order to quarantine committed by Alhalmi, Barash, and Perez Pavon in the interim since their release from custody. (ECF No 429, PageID.11338–11139); (*see also* ECF No. 381-10.) These violations occurred in May, June, and July of 2020. (*Id.*)

In response, Plaintiffs argue that there has been no evidence presented that any of the nine Petitioner-Plaintiffs have been involved in criminal activity or failed to report for supervision in the months since their release. (ECF No. 450, PageID.11580.) Plaintiffs also submitted declarations made by Alhalmi, Alhalmi's wife, Barash, and Perez Pavon, offering their explanation of each violation of quarantine outlined by Defendants. (ECF Nos. 450-2, 450-3, 450-4, 450-5.)

The Court has read these declarations as submitted by Plaintiffs and is satisfied by the explanations presented. Based on these

6

declarations, the Petitioner-Plaintiffs' conduct in the months since their release, and the briefing considered when evaluating Petitioner-Plaintiffs' motions for preliminary injunctions, the Court finds that each of the Petitioner-Plaintiffs does not present a flight risk or danger to the community. Accordingly, Petitioner-Plaintiffs are granted bail.

### III. Conclusion

For the reasons stated above, the Court grants bail for Petitioner-Plaintiffs Alhalmi, Barash, Krcoska, Ley Santana, Malam, Perez Pavon, Rodriguez Salabarria, Rosales Borboa, and Toma. Each of the Petitioner-Plaintiffs is subject to the conditions outlined in this Court's August 12, 2020 order. (ECF No. 179.) Their continued release under the bail process is to follow the bail process and standard Conditions of Release previously set forth. (*See* ECF Nos. 166, 177, 179, 243.)

**IT IS SO ORDERED.**

Dated: December 10, 2020     s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 10, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
