UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,

   Petitioner-Plaintiff,

             Case No. 20-10829

and

             Judith E. Levy

Qaid Alhalmi, *et al.*,     United States District Judge

   Plaintiff-Intervenors, Mag. Judge Anthony P. Patti

v.

Rebecca Adducci, *et al.*,

   Respondent-Defendants.

_____/

**THIRTEENTH ORDER ON BAIL**
**[449]**

On December 7, 2020, Plaintiffs submitted a bail application for habeas litigation group member Assad Ullah Lone. (ECF No. 449.) On December 10, 2020, Defendants filed a response. (ECF No. 452.) On December 14, 2020, Plaintiffs filed a reply. (ECF No. 460.) After reviewing the application and briefing, the Court grants bail for group member Lone.

  **I.**  **Eligibility for Bail**

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

On November 30, 2020, the Court found that "[t]he habeas litigation group members continue to raise substantial claims of law" because group members "continue to show a likelihood of success on the merits of their due process claim challenging their continued detention at CCCF during the COVID-19 pandemic." (ECF No. 430, PageID.11345, 11348.) Additionally, the Court found that "COVID-19 presents special circumstances making the bail applications exceptional." (*Id.* at PageID.5295.) Over approximately the last month, Calhoun County Correctional Facility ("CCCF") has been in a COVID-19 outbreak. (*See* ECF Nos. 365, 388.) As of December 4, 2020, a total of 64 detainees and inmates, as well as six staff members, have tested positive for COVID-

19. (*See* ECF No. 450, PageID.11576 (outlining the progression of additional positive cases at CCCF reported since November 2, 2020).)

The Court continues to find that these group members raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional. The Court will continue to evaluate individual bail applications conditionally while awaiting the completion of expert inspections of CCCF.

## II. Assad Ullah Lone's Bail Application (ECF No. 449)

The Court makes the following findings with respect to Lone's bail application.

Plaintiffs allege that Lone has lived in the United States for approximately 26 years. (ECF No. 449, PageID.11538.) Plaintiffs acknowledge that Lone was previously convicted in 2009 of operating a motor vehicle without a license. (*Id.* at PageID.11541.) Plaintiffs also recognize that Lone's criminal history includes one count of conspiracy to commit armed robbery and one count of armed robbery stemming from the same conduct in the year 2012, but note that he was paroled in the year 2020 after serving the minimum term following a determination by the Michigan Parole Board that he could be safely returned to the

community. (*Id.* at PageID.11539, 11541–11542.) Additionally, Plaintiffs allege that Lone enrolled in many classes and training to rehabilitate himself during his incarceration, including serving as a mentor to other prisoners, completing anger management and victim empathy classes, and receiving several certifications. (*Id.* at PageID.11539–11540.) Plaintiffs further note that Lone has strong family ties with his extensive family, most of whom live in the Detroit, Michigan area. (*Id.* at PageiD.11540.) While Lone is subject to a final order of removal, Plaintiffs indicate that Lone is actively working with counsel to determine avenues for relief from removal. (*Id.*) If released, Lone will reside with his mother in Detroit, Michigan. (*Id.*)

Defendants argue that Lone poses a danger to the community as indicated by his criminal history, including charges in the year 2002 for fraudulent conduct (i.e., using stolen credit card information). (ECF No. 452, PageID.11675–11676.) Defendants also note that Lone's release plan involves returning to the same living circumstances in which he engaged in the conduct leading to his previous convictions. (*Id.* at PageID.11676.) Defendants offer additional information regarding the conduct leading to Lone's conspiracy and armed robbery convictions,

4

noting that the group aimed to steal Oxycontin, Vicodin, and other controlled substances from a pharmacist. (*Id.* at PageID.11675.) Defendants also contend that Lone is a flight risk. (*Id.* at PageID.11676.) Specifically, Defendants highlight Lone's conduct in earlier legal proceedings (i.e., his failure to appear for court during proceedings in the year 2009, leading to issuance of a bench warrant) as well as Lone's alleged fraud conviction, which Defendants argue is indicative of his truthfulness. (*Id.*)

Plaintiffs reply to challenge Defendants' assertion that Lone has a fraud conviction, noting that the 2002 charges relating to fraudulent conduct were dismissed under the Holmes Youthful Trainee Act ("HYTA") and are not to be considered as a conviction. (ECF No. 460, PageID.11766.) Additionally, Plaintiffs argue that Lone is not a danger to the community, noting that he played a lesser role in the armed robbery offense as a getaway driver, has recognized the seriousness of that offense, and will be subject to supervision if released that should mitigate any risk of reoffending. (*Id.*) Additionally, Plaintiffs contend that the 2009 bench warrant referenced by Defendants was issued in

error because notices of the proceedings were incorrectly sent to Lone's old address. (*Id.*)

The Court finds that Lone does not pose a flight risk in light of the fact that his family resides in Michigan and he has lived continuously in the Detroit area since arriving in the United States. The Court also finds that Lone is not a danger to the community given his proposed release plan. Accordingly, Lone's application for bail is granted.

### III. Conclusion

For the reasons stated above, the Court grants bail for habeas litigation group member Lone. Lone's release is subject to the conditions outlined in this Court's August 12, 2020 order. (ECF No. 179.) Release under the bail process is to follow the bail process and standard Conditions of Release previously set forth. (*See* ECF Nos. 166, 177, 179, 243.)

**IT IS SO ORDERED.**

Dated: December 18, 2020      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
                                      United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
