UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,

        Petitioner-Plaintiff,

and

Qaid Alhalmi, *et al.*,

        Plaintiff-Intervenors,

v.

Rebecca Adducci, *et al.*,

        Respondent-Defendants.

_____/

Case No. 20-10829

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**FIFTEENTH ORDER ON BAIL**
**[489, 493, 494, 505]**

Between January 12, 2021 and January 25, 2021, Plaintiffs submitted bail applications for habeas litigation group members Mohammad Aqeel, Yasemeen Shafo, Gustavo Soto Vargas, and Jose Miguel Calel-Velasquez. (ECF Nos. 489, 493, 494, 505.) Between January 15, 2021 and January 28, 2021, Defendants filed responses. (ECF Nos. 492, 498, 501, 511.) Between January 20, 2021 and February 1, 2021, Plaintiffs filed replies. (ECF Nos. 495, 506–507, 512.)

After reviewing the application and briefing, the Court grants bail for group members Aqeel, Shafo, Soto Vargas, and Calel-Velasquez.

## I. Eligibility for Bail

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

On November 30, 2020, the Court found that "[t]he habeas litigation group members continue to raise substantial claims of law" because group members "continue to show a likelihood of success on the merits of their due process claim challenging their continued detention at [Calhoun County Correctional Facility ("CCCF")] during the COVID-19 pandemic." (ECF No. 430, PageID.11345, 11348.) Additionally, the Court found that "COVID-19 presents special circumstances making the bail applications exceptional." (*Id.* at PageID.5295.) CCCF experienced a

2

COVID-19 outbreak. (*See* ECF Nos. 365, 388.) As of January 21, 2021, a total of 81 detainees and inmates, as well as 21 staff members, have tested positive for COVID-19. (*See* ECF No. 505, PageID.13174 (outlining the progression of additional positive cases at CCCF reported between December 23, 2020 and January 21, 2021).)

At this time, the Court continues to find that these group members raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional. The Court will continue to evaluate individual bail applications conditionally while awaiting its review of the sur-rebuttal report from the expert inspections of CCCF that took place on December 17, 2020.

## II. Individual Bail Applications

The Court makes the following findings with respect to individual bail applications:

### Mohammad Aqeel (ECF No. 489)

Plaintiffs allege that Aqeel has lived in the United States for approximately five years and has no violent criminal history. (ECF No. 489, PageID.12714.) Plaintiffs acknowledge that Aqeel has a series of criminal convictions arising out of his involvement in a retail fraud

scheme to under-ring items at retail stores in several states. (*Id.* at PageID.12714–12716.) Plaintiffs contend that Aqeel "regrets the harm caused by his prior offenses and the time away from his family[,]" and "is committed to resolving his outstanding criminal issues[.]" (*Id.* at PageID.12718.) According to Plaintiffs, Aqeel is also in the process of challenging the Department of Homeland Security's ("DHS") administrative removal order against him and pursuing avenues of immigration relief with the assistance of counsel. (*Id.* at PageID.12717.) Plaintiffs further argue that Aqeel has strong family ties to the United States, noting that Aqeel's wife, stepson, sister, uncles, and several cousins all reside in the United States and are citizens. (*Id.*) If released, Aqeel will reside at a home owned by his uncle in Palos Hills, Illinois, with support from his uncle. (*Id.*)

Defendants argue that Aqeel poses a flight risk. (ECF No. 492, PageID.12817.) Specifically, Defendants point to Aqeel's attempt to flee the United States by international flight to Amman, Jordan, while on bond related to the multi-state retail fraud scheme in November of 2018. (*Id.*) Defendants further note that Aqeel was arrested for violations of a bond issued out of Indiana state court, arguing that these arrests suggest

4

Aqeel would abscond were he released on bail. (*Id.* at PageID.12817–12818.) Defendants do not argue that Aqeel would be a danger to the community. (*Id.*)

Plaintiffs reply to provide additional context regarding Aqeel's attempt to flee to Jordan as well as his purported violations of an Indiana court bond. (ECF No. 495, PageID.12930–12931.) Plaintiffs allege that Aqeel "had been threatened by his codefendants [in the retail fraud scheme] if he cooperated with the police and did not leave the county" and "agreed to leave despite [his] fears of returning to Jordan" "[b]ecause he was scared for his and his family's safety[.]" (*Id.* at PageID.12931.) According to Plaintiffs, Aqeel has since cooperated with law enforcement, worked to resolve his criminal cases, and informed his family. (*Id.*) Additionally, Plaintiffs clarify that the two alleged bond violations cited by Defendants have been, or are in the process of being, resolved. (*Id.*)

The Court finds that in light of Aqeel's explanation for his attempted departure from this country, he does not pose a flight risk and is not a danger to the community given his proposed release plan. However, Aqeel will be released solely with the condition that he resolve all outstanding warrants upon release. The Court recognizes that Aqeel's

release plan involves his release into the custody of an individual who is not the custodian listed in the bail request, and approves the alternative arrangements as set forth in Aqeel's bail application. Accordingly, Aqeel's application for bail is granted.

*Yasemeen Shafo* (ECF No. 493)

Plaintiffs allege that Shafo[1] has lived in the United States for approximately 45 years. (ECF No. 493, PageID.12837.) Plaintiffs acknowledge that Shafo has an extensive criminal history, including convictions of felony arson, resisting a police officer, felony embezzlement, felony retail fraud, and felony home invasion, among others. (*Id.* at PageID.12835–12836.) However, Plaintiffs contend that Shafo's criminal history reflects her struggles with addiction to benzodiazepine, alcohol, and Adderall, as well as her experiences with several severe family traumas. (*Id.* at PageID.12833, 12836.) Plaintiffs

---

[1] Shafo contracted COVID-19 twice while in prison, in March and November of 2020; since then, she has experienced difficulty breathing, wheezing, and a persistent loss of her sense of taste. (ECF No. 493, PageID.12835, 12849–12850.) According to the Centers for Disease Control and Prevention ("CDC"), individuals who have recovered from COVID-19 do not have absolute immunity to a reinfection. *See Reinfection with COVID-19*, Ctrs for Disease Control and Prevention (Oct. 27, 2020), *https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html* [https://perma.cc/Z8CH-T28T]. ("Cases of reinfection with COVID-19 have been reported, but remain rare.")

6

allege that Shafo has taken numerous steps to address her addiction and to support her mental health: Shafo has been clean for several years, participated in a series of recovery programs while in prison, served as a peer recovery counselor to fellow inmates while incarcerated, and found support from involvement in her religious community. (*Id.* at PageID.12833–12834.) Furthermore, Plaintiffs indicate that Shafo intends to pursue additional avenues for continued participation in substance use disorder recovery programs upon release, in addition to accessing mental health services. (*Id.* at PageID.12834.) Shafo will reside with several of her children and her former husband in Shelby Township, Michigan, if released. (*Id.* at PageID.12838.)

Defendants imply that Shafo is a danger to the community based on her extensive criminal history, including several violations of probation. (ECF No. 498, PageID.12978–12980.) Defendants do not contend that Shafo is a flight risk. (*Id.*) Additionally, Defendants argue that substance use disorder treatment should be a necessary condition of release if Shafo is released on bail. (*Id.*)

Plaintiffs reply to challenge the contention that Shafo's past criminal history suggests that she poses a present danger to the

community. (ECF No. 507, PageID.13227.) Plaintiffs categorize Shafo's offenses as "predominantly financial crimes that she committed to feed her addiction." (*Id.* at PageID.13228.) Plaintiffs note that the Michigan Parole Board determined Shafo could be safely returned to the community after she completed her minimum sentence, and further note that several conditions of her parole relate to her history of substance use disorder (e.g., prohibition from consumption of drugs or alcohol, a requirement to complete substance use and reentry programming). (*Id.*) Additionally, Plaintiffs highlight Shafo's extended support network composed of both family members and friends. (*Id.*)

The Court finds that Shafo does not pose a flight risk and is not a danger to the community given her proposed release plan. However, Shafo will be released solely with the conditions that she (1) follow all the terms of her Michigan state parole; (2) abstain from consuming any alcohol during her release; and (3) enroll in a substance abuse program, such as Narcotics Anonymous ("NA"), Alcoholics Anonymous ("AA"), or another program of his choice. Accordingly, Shafo's application for bail is granted.

*Gustavo Soto Vargas* (ECF No. 494)

Plaintiffs write that Soto Vargas has lived in the United States for approximately 17 years; he briefly returned to Mexico through voluntary departure in 2012 but returned to the United States after he was allegedly persecuted by gangs in Mexico. (ECF No. 494, PageID.12896, 12900–12901.) According to Plaintiffs, Soto Vargas is actively pursuing asylum based on his experiences with extortion and gang violence in Mexico and is pursuing this relief with the assistance of immigration counsel. (*Id.* at PageID.12900–12901.) Plaintiffs indicate that Soto Vargas' criminal history solely consists of a 2018 conviction for driving under the influence ("DUI"). (*Id.* at PageID.12903.) Plaintiffs contend that Soto Vargas has an extensive network of support from family, friends, and his employer in Michigan. (*Id.* at PageID.12899, 12901, 12903.) Soto Vargas will live with his partner and their children in Wixom, Michigan, if released. (*Id.* at PageID.12901.)

Defendants argue that Soto Vargas is a danger to the community because "he has not received treatment for any underlying substance abuse issue and may reoffend." (ECF No. 501, PageID.13150.) Additionally, Defendants argue that Soto Vargas poses a flight risk

9

because an Immigration Judge denied bond to Soto Vargas after finding him to be a flight risk. (*Id.*)

Plaintiffs reply to argue that Soto Vargas' single DUI conviction during the 17 years he has lived in the United States "is not dispositive of any underlying substance abuse issue nor [his] likelihood of reoffending." (ECF No. 506, PageID.13222.) Instead, Plaintiffs point to Soto Vargas' successful completion of probation following the DUI conviction in support of their contention that Soto Vargas would not be likely to reoffend were he released. (*Id.*) Additionally, Plaintiffs note that Soto Vargas' partner is pregnant, and that his partner and their children have lived in Michigan for over 17 years; Plaintiffs claim both factors provide a strong incentive for Soto Vargas not to abscond. (*Id.*)

Although the Court finds that Soto Vargas does not pose a flight risk or a danger to the community given the incentives set forth in Plaintiffs' briefing and his proposed release plan, the Court will release Soto Vargas on bail only with the condition that he abstain from consuming any alcohol during his release. The Court recognizes that Soto Vargas' release plan involves his release into the custody of an individual who is not the custodian listed in the bail request, and approves the

10

alternative arrangements as set forth in Soto Vargas' bail application. Accordingly, Soto Vargas' application for bail is granted.

*Jose Miguel Calel-Velasquez* (ECF No. 505)

Plaintiffs contend that Calel-Velasquez[2] has resided in the United States for 14 years and has no violent criminal history. (ECF No. 505, PageID.13172, 13174.) Plaintiffs acknowledge that Calel-Velasquez was convicted of DUI and has three pending misdemeanor charges arising out of a November 6, 2020 arrest, but further indicate that Calel-Velasquez maintains he was unable to communicate with the arresting officer and that he is innocent regarding the pending charges. (*Id.* at PageID.13174–13175, 13178.) Additionally, Plaintiffs indicate that Calel-Velasquez has an outstanding warrant from a November 9, 2017 probation violation, in which Calel-Velasquez completed the entire probation program with the exception of the final court date. (*Id.* at PageID.13178–13179, 13181.) If released, Calel-Velasquez will reside with his partner, their three children, and Calel-Velasquez' stepdaughter in Chicago, Illinois. (*Id.* at PageID.13179–13180.)

---

[2] Similar to Shafo, Calel-Velasquez has already contracted COVID-19 and continues to experience difficulty breathing. (ECF No. 505, PageID.13172.)

11

In their opposition to Calel-Velasquez' bail application, Defendants highlight an Immigration Judge's denial of bond based on the determination that Calel-Velasquez poses a flight risk and a danger to the community. (ECF No. 511, PageID.13297.) Defendants contend that there is no evidence that the "class related to alcohol abuse" in which Calel-Velasquez participated while on probation constitutes substance use disorder treatment. (*Id.*) Defendants' argument implies that Calel-Velasquez may engage in similar conduct as that underlying his DUI conviction and his pending misdemeanor charges were he to be released. (*Id.*) Additionally, Defendants note that Calel-Velasquez failed to appear at his 2017 final probation hearing purportedly because he did not have the requisite amount due, yet he also failed to address that issue after that time. (*Id.*)

Plaintiffs reply to clarify that the Immigration Judge denied bond on the basis of Calel-Velasquez' recent arrest and outstanding warrant without questioning Calel-Velasquez regarding these events. (ECF No. 512, PageID.13300.) Plaintiffs further contend that Calel-Velasquez "was not even aware of any [pending] charges" at the time of the Immigration Judge's determination and has since appointed counsel to contest them.

12

(*Id.*) Furthermore, Plaintiffs allege that Calel-Velasquez "did not, until recently, appreciate the consequences of failing to appear for his last [2017 probation court] hearing and paying off his fines[,]" and is now committed to resolving his warrant. (*Id.*) Additionally, Plaintiffs challenge Defendants' contention that Calel-Velasquez has an underlying substance use disorder, noting that Calel-Velasquez completed 18 months' probation for the DUI conviction and attendant alcohol abuse classes. (*Id.*)

Although the Court finds that Calel-Velasquez does not pose a flight risk or a danger to the community given his proposed release plan, the Court will release Calel-Velasquez on bail only with the condition that he abstain from consuming any alcohol during his release. Accordingly, Calel-Velasquez' application for bail is granted.

### III. Conclusion

For the reasons stated above, the Court grants bail for habeas litigation group members Aqeel, Shafo, Soto Vargas, and Calel-Velasquez. Each habeas litigation group member's release is subject to the conditions outlined in this Court's August 12, 2020 order. (ECF No. 179.) Additionally, habeas litigation group member Aqeel is subject to the

13

additional condition that he resolve all outstanding warrants upon release. Habeas litigation group member Shafo is subject to the additional conditions that she (1) follow all the terms of her Michigan state parole; (2) abstain from consuming any alcohol during her release; and (3) enroll in a substance abuse program, such as Narcotics Anonymous ("NA"), Alcoholics Anonymous ("AA"), or another program of his choice. Habeas litigation group member Soto Vargas is subject to the additional condition that he abstain from consuming any alcohol during his release. Habeas litigation group member Calel-Velasquez is subject to the additional condition that he abstain from consuming any alcohol during his release.

Release under the bail process is to follow the bail process and standard Conditions of Release previously set forth. (*See* ECF Nos. 166, 177, 179, 243.)

    **IT IS SO ORDERED.**

Dated: February 4, 2021      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
