# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JANET MALAM, <br><br> Petitioner-Plaintiff, <br><br> and <br><br> QAID ALHALMI, et al., <br><br> Plaintiff-Intervenors, <br><br> - against - <br><br> REBECCA ADDUCCI, et al., <br><br> Respondent-Defendants. | No. 5:20-cv-10829-JEL-APP |

**PLAINTIFFS' SECOND SET OF REQUESTS FOR EXPEDITED PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Civil Rules, Plaintiffs, by and through their undersigned attorneys, request that Defendants produce the following documents, under oath and in accordance with the Instructions and Definitions set forth below, no later than seven (7) days after service hereof or, if the relevant documents are unavailable, within two (2) days after those documents become available to Defendants.

## DEFINITIONS

1. "Calhoun" means Calhoun County Correctional Center (also known as the Calhoun County Correctional Facility) located in the City of Battle Creek, Michigan.

2. "Communication" includes any occurrence whereby data, expression, facts, opinions, thought, or other information of any kind is transmitted in any form, including, without limitation, in-person conversation, telephone conversation, video chat, correspondence, discussion, meeting, memorandum, email, text message, chat message, voice message, picture message, video message, audio recording, video recording, social media posting, or any other form of in-person, written, or electronic communication.

3. "Concerning" or "relating to" means referring to, and includes, but is not limited to, analyzing, commenting on, comprising, connected with, constituting, containing, contradicting, describing, embodying, establishing, evidencing, memorializing, mentioning, pertaining to, recording, regarding, reflecting, responding to, setting forth, showing, or supporting, directly or indirectly, or having any connection, association, relevance, relation, pertinence, or applicability to, or any

implication for, or bearing upon, the subject matter of these Requests for Production.

4. "Detainees" means all civil immigration detainees under the jurisdiction of U.S. Immigration and Customs Enforcement detained at Calhoun.

5. "Document" has the meaning set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and includes, but is not limited to, each and every form of Communication and includes, without limitation, all written, printed, typed, recorded, or visual matter of any kind, type, nature, or description, in whatever form (*e.g.*, final and draft versions), that is or has been in Your actual or constructive possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, text messages, chat messages, notes, correspondence, memoranda, tapes, handwritten notes, articles, diaries, letters, photographs, minutes, contracts, agreements, reports, computer printouts, drafts, notebooks, audio recordings, video recordings, or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, including on backup tapes, the Internet, or the World Wide Web.

6. "ICE" means U.S. Immigration and Customs Enforcement and Staff.

7. "Including" means including without limitation.

8. "Person" includes any natural person or legal entity.

9. "Staff" means all employees, contractors, and affiliates of or associated with ICE or Calhoun.

10. "You," "Your," or "Defendants" means Defendants Rebecca Adducci, the Acting Director of ICE, the Director of Homeland Security, and the Acting Attorney General, together with any of their agents, attorneys, representatives, affiliates, public relations consultants, or any other Person acting under its control or on its behalf.

11. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope.

13. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. Any ambiguity as to any Request shall be construed so as to require the production of the greater number of Documents.

2. In responding to these Requests, You shall produce all responsive Documents which are in Your possession, custody, or control or in the possession, custody, or control of Your employees, agents, attorneys, representatives, affiliates, or any other Person acting under Your control or on your behalf. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another Person having possession, custody, or control of the Document.

3. These Requests are continuing in nature under Federal Rule of Civil Procedure 26(e). Any Document created or identified after service of any response to these Requests that would have been produced in response had the Document then existed or been identified shall promptly be produced whenever You find, locate, acquire, create, or become aware of such Documents, up until the resolution of this action.

4. In accordance with Federal Rule of Civil Procedure 34(b)(2), each Request shall be responded to fully, unless it is in good faith objected

to, in which event the reasons for the objection shall be stated with specificity, and the objection must state whether any responsive materials are being withheld on the basis of that objection. If an objection pertains only to a portion of a Request, or to a word, phrase, or clause contained in a Request, You shall state Your objection to that portion only and respond to the remainder of the Request.

5. Documents that are produced shall be identified according to which Request they are responsive to, or in the order and in the manner in which they are usually kept or organized.

6. Each requested Document shall be produced in its entirety, along with any attachments, drafts and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such Documents are to be produced intact together with such file folders, loose-leaf binders, or notebooks. All labels identifying such Documents, files, folders, or binders shall be copied. Documents attached to each other shall not be separated,

and all such attached Documents shall be produced. Paper Documents may be scanned and produced as electronic documents in the PDF file format. Documents compiled onto a disk or drive shall be sent the requesting party electronically.

7. If any Document responsive to these Requests has been destroyed, discarded, or lost, or is otherwise not capable of being produced, identify each such Document and set forth the following information: (a) the date of the Document; (b) a description of the subject matter of the Document; (c) the name and address of each Person who prepared, received, viewed, or had possession, custody, or control of the Document; (d) the date when the Document was destroyed, discarded, or lost; (e) the identity of the Person who directed that the Document be destroyed, who directed that the Document be discarded, or who lost the Document; and (f) a statement of the reasons for and circumstances under which the Document was destroyed, discarded, or lost.

8. If any Document responsive to these Requests is withheld under a claim of privilege (including attorney-client privilege and the work-product doctrine), You shall identify with respect to each Document: (a) the author; (b) the address(es); (c) all other Persons to whom the

   Document was distributed, shown, or explained; (d) its present custodian; and (e) the Document's number of pages, and attachments or appendices.  In addition, all claims of privilege, including the attorney work-product rule, must conform to the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

9. All electronically stored information shall be produced in accordance with an electronic discovery protocol as agreed to by parties.

10. If no Documents or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

11. Objection will be made at the time of trial to any attempt to introduce evidence which is sought by these Requests and to which no disclosure has been made.

12. Unless otherwise stated in a specific Request, these Requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed, relating to the period of January 1, 2017 through the present.

13. If providing a response to any Request for Production would implicate any of Your or Staff's obligations or restrictions under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the

response to the Request for Production should be provided in a manner that is consistent with HIPAA, including applying redactions as necessary. To the extent Defendants believe that a HIPAA release is required, Plaintiffs are prepared to provide a release from Mr. Dean's next of kin.

## DISCOVERY REQUESTS

Request No. 1:

All documents showing the medical care Mr. Jesse Jerome Dean, Jr. was receiving prior to his death, including but not limited to:

- All medical records from Calhoun for Mr. Dean, including but not limited to chronic care logs; records of all COVID-19 tests, including specific type of COVID-19 test administered; records for medication administration; nursing or physician notes or encounter reports; EKG, X-ray or other test results, and sick-call logs;

- All medical records for Mr. Dean in your possession that reflect his care or treatment by another provider or another detention or correctional facility;

- Records concerning the request for an ambulance or for transport to a hospital for Mr. Dean on February 5, 2021, or any other date; and,

- Staff notes and communication in the week prior to and following the time of Mr. Dean's death.

Response No. 1:

Request No. 2:

All documents showing the post-mortem analysis conducted regarding Mr. Jesse Jerome Dean, Jr.'s death, including but not limited to:

- Any coroner's reports or other post-mortem reports concerning Mr. Dean's death;

- The results of any post-mortem COVID-19 tests that have been performed on Mr. Dean's body;

- Any records or reports that Calhoun or ICE has from hospital staff or paramedics who attended to Mr. Dean on February 5, 2021 or in the preceding two weeks; and,

- Any record, report, analysis, or document created by ICE concerning Mr. Dean's death.

Response No. 2: