## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Janet Malam,

              Petitioner-Plaintiff,

                                Case No. 20-10829

and

                                Judith E. Levy

Qaid Alhalmi, *et al.*,             United States District Judge

             Plaintiff-Intervenors,  Mag. Judge Anthony P. Patti

v.

Rebecca Adducci, *et al.*,

              Respondent-Defendants.

_____/

## SIXTEENTH ORDER ON BAIL
## [509]

On January 27, 2021, Plaintiffs submitted a bail application for habeas litigation group member Rene Hernandez-Vergara. (ECF No. 509.) On February 1, 2021, Defendants filed a response. (ECF No. 514.) On February 3, 2021, Plaintiffs filed a reply. (ECF No. 515.)

After reviewing the application and briefing, the Court grants bail for group member Hernandez-Vergara.

## I.    Eligibility for Bail

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

On November 30, 2020, the Court found that "[t]he habeas litigation group members continue to raise substantial claims of law" because group members "continue to show a likelihood of success on the merits of their due process claim challenging their continued detention at [Calhoun County Correctional Facility ("CCCF")] during the COVID-19 pandemic." (ECF No. 430, PageID.11345, 11348.) Additionally, the Court found that "COVID-19 presents special circumstances making the bail applications exceptional." (*Id.* at PageID.5295.) CCCF experienced a COVID-19 outbreak in October and November of 2020, and has reported a new outbreak starting in early March 2021. (*See* ECF Nos. 365, 388, 556.) As of March 3, 2021, a total of 96 detainees and inmates, as well as

24 employees, have tested positive for COVID-19. (*See* ECF No. 547, PageID.13940–13941 (outlining the progression of additional positive cases at CCCF reported between December 23, 2020 and February 22, 2021); E-mail from Jennifer L. Newby, Assistant U.S. Att'y, to Cassandra J. Thomson, Law Clerk to Judge Judith E. Levy (Mar. 1, 2021 10:25 EST) (on file with the Court) (indicating 12 new positive cases among inmates at CCCF between February 28 and March 1, 2021).)

At this time, the Court continues to find that these group members raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional. The Court will continue to evaluate individual bail applications.

## II.   Individual Bail Applications

The Court makes the following findings with respect to individual bail applications:

### *Rene Hernandez-Vergara* (ECF No. 509)

Plaintiffs allege that Hernandez-Vergara has lived in the United States for approximately 40 years. (ECF No. 509, PageID.13248, 13259.) In explaining Hernandez-Vergara's criminal history, Plaintiffs argue that Hernandez-Vergara's 30-year old juvenile record does not render

him a danger to the community, and his adult criminal history only includes one drug-related arrest in 2009, and one conviction of conspiracy to import marijuana in 2018. (*Id*. at PageID.13253.) Plaintiffs indicate that Hernandez-Vergara is actively working with counsel to pursue immigration relief and to reinstate the appeal in the Ninth Circuit of his 2018 conviction that renders him removable, arguing that Hernandez-Vergara's guilty plea in that conviction was not knowing or voluntary. (*Id*.) Plaintiffs further note that Hernandez-Vergara successfully completed more than a year of federal pretrial supervision between 2017 and 2018—including the requirements to wear an ankle monitor and regularly report both over the phone and in person to a probation officer—before reporting to serve his prison sentence. (*Id*. at PageID.13250–13251.) According to Plaintiffs, Hernandez-Vergara has extensive family in the United States, including his wife, children, grandchild, mother-in-law, mother, stepfather, and several siblings, all of whom live in California. (*Id*. at PageID.13254.) If released, Hernandez-Vergara will reside with his sister and her children in Santa Ana, California. (*Id*. at PageID.13254.) Additionally, Hernandez-Vergara will be subject to federal supervised release in either the Southern or Central

District of California if released on bail; Hernandez-Vergara is in the process of transferring his probation supervision in order to be in line with his release plan. (*Id*. at PageID.13251.)

Defendants argue that Hernandez-Vergara should be presumed to be a danger because he is subject to mandatory detention as a result of his drug trafficking conviction. (ECF No. 514, PageID.13310.) Additionally, Defendants further imply that Hernandez-Vergara is a danger to the community based on his criminal history of drug-related offenses. (*Id*. at PageID.13310–13311.) Defendants note that Hernandez-Vergara does not dispute that he engaged in the conduct leading to his drug trafficking conviction, but rather, challenges that he did not understand the removal implications of entering a guilty plea for that offense. (*Id*. at PageID.13311.) Defendants do not argue that Hernandez-Vergara would be a flight risk. (*Id*.)

Plaintiffs reply that there is no statutory presumption of danger for individuals held under mandatory detention. (ECF No. 515, PageID.13314.) Plaintiffs note that Hernandez-Vergara's criminal history as an adult consists solely of non-violent offenses. (*Id*.) Additionally, Plaintiffs offer evidence of Hernandez-Vergara's actions

while serving his prison sentence to suggest he will not pose a danger if released on bail, including that Hernandez-Vergara held several jobs, completed and helped teach a substance abuse treatment class, had no disciplinary record, and was released early on the basis of good time credits. (*Id*.) Plaintiffs further highlight Hernandez-Vergara's release plan—including "significant family support" and a requirement to meet the terms of his federal supervised release—as indication that he would not pose a danger to the community. (*Id*.)

The Court concludes that although Hernandez-Vergara is subject to mandatory detention, his successful completion of pretrial release and his rehabilitation while in custody suggest that he will not be a danger to the community upon release. Additionally, the Court concludes that Hernadez-Vergara will not be a flight risk. However, Hernandez-Vergara will be released solely with the condition that he immediately report to the United States Probation Office for the Southern District of California or the Central District of California (if the transfer of probation supervision has been approved) and follow all the terms of his federal supervised release. The Court recognizes that Hernandez-Vergara's release plan involves his release into the custody of an individual who is

not the custodian listed in the bail request, and approves the alternative arrangements as set forth in Hernandez-Vergara's bail application. Accordingly, Hernadez-Vergara's application for bail is granted.

### III.   Conclusion

For the reasons stated above, the Court grants bail for habeas litigation group member Hernandez-Vergara. Habeas litigation group member Hernandez-Vergara's release is subject to the conditions outlined in this Court's August 12, 2020 order. (ECF No. 179.) Additionally, habeas litigation group member Hernandez-Vergara is subject to the additional condition that he immediately report to the United States Probation Office for the Southern District of California or the Central District of California (if the transfer of probation supervision has been approved) and follow all the terms of his federal supervised release. Release under the bail process is to follow the bail process and standard Conditions of Release previously set forth. (*See* ECF Nos. 166, 177, 179, 243.)

**IT IS SO ORDERED.**

Dated: March 3, 2021            s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 3, 2021.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager