UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,

    Petitioner-Plaintiff,

and

Qaid Alhalmi, *et al.*,

    Plaintiff-Intervenors,

v.

Rebecca Adducci, *et al.*,

    Respondent-Defendants.

_____/

Case No. 20-10829

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

## SEVENTEETH ORDER ON BAIL
[532]

On February 12, 2021, Plaintiffs submitted a bail application for habeas litigation group member Samir Yousif Kada. (ECF No. 532.) On February 18, 2021, Defendants filed a response. (ECF No. 539.) On February 22, 2021, Plaintiffs filed a reply. (ECF No. 542.) On March 4, 2021, Plaintiffs filed a supplement to Kada's application. (ECF No. 559.)

After reviewing the application and briefing, the Court grants bail for group member Kada.

## I. Eligibility for Bail

The Sixth Circuit has recognized the district court's "inherent authority" to grant a habeas petitioner release on bail pending adjudication of the petition's merits. *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "The district court may release petitioners on bail if there is a 'substantial claim of law' and the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (citing *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)).

On November 30, 2020, the Court found that "[t]he habeas litigation group members continue to raise substantial claims of law" because group members "continue to show a likelihood of success on the merits of their due process claim challenging their continued detention at [Calhoun County Correctional Facility ("CCCF")] during the COVID-19 pandemic." (ECF No. 430, PageID.11345, 11348.) Additionally, the Court found that "COVID-19 presents special circumstances making the bail applications exceptional." (*Id.* at PageID.5295.) CCCF experienced a COVID-19 outbreak in October and November of 2020, and has reported a new outbreak starting in early March 2021. (*See* ECF Nos. 365, 388,

556.) As of March 3, 2021, a total of 96 detainees and inmates, as well as 24 employees, have tested positive for COVID-19. (*See* ECF No. 547, PageID.13940–13941 (outlining the progression of additional positive cases at CCCF reported between December 23, 2020 and February 22, 2021); E-mail from Jennifer L. Newby, Assistant U.S. Att'y, to Cassandra J. Thomson, Law Clerk to Judge Judith E. Levy (Mar. 1, 2021 10:25 EST) (on file with the Court) (indicating 12 new positive cases among inmates at CCCF between February 28 and March 1, 2021).)

At this time, the Court continues to find that these group members raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional. The Court will continue to evaluate individual bail applications.

## II. Individual Bail Applications

The Court makes the following findings with respect to individual bail applications:

*Samir Yousif Kada* (ECF No. 532)

Plaintiffs write that Kada first arrived in the United States when he was 11 years old and lived in the United States until he was deported to Iraq in November of 2018. (ECCF No. 532, PageID.13648.) Plaintiffs

allege that Kada was deported because his then-attorney missed a filing deadline set by the Immigration Judge (IJ) due to the attorney's health issues, leading the IJ to determine Kada's application under the Convention Against Torture ("CAT") was abandoned. (*Id.* at PageID.13651.) Plaintiffs outline a series of traumatic events Kada allegedly experienced while living in Iraq, including Kada's need for emergency surgery in Lebanon after he was stabbed by members of a sectarian militia, the death of an individual whom Kada was caring for while Kada was undergoing surgery, as well as Kada's need to hide and avoid travel without a bodyguard following the stabbing. (*Id.* at PageID.13655–13656.) Kada returned to the United States on January 23, 2021, after his petition for review was granted by the Sixth Circuit. (*Id.* at PageID.13652.) Additionally, Plaintiffs argue that Kada's criminal history reflects his struggles with using drugs and alcohol. (*Id.* at PageID.13651.) According to Plaintiffs, Kada has remained clean and sober from drugs and alcohol since his detainment in 2017 and took several classes on drugs, alcohol, and anger management in order to do so. (*Id.* at PageID.13651, 13660.) If released, Kada will live with his

4

brother and his brother's family in West Bloomfield, Michigan. (*Id.* at PageID.13654.)

Defendants argue that Kada is a danger to the community as a result of his extensive criminal history. (ECF No. 539, PageID.13805.) Defendants particularly highlight the conduct underlying Kada's plea of no contest to felonious assault and possession of a firearm in the commission of a felony ("felony firearm") in the year 2017. (*Id.* at PageID.13806–13807.) Defendants allege that Plaintiffs "attempt[] to downplay this criminal conduct" and note that Kada was initially charged with attempted murder, felony firearm, carrying a concealed weapon, and lying to a peace officer. (*Id.* at PageID.13806–13809.) Defendants further emphasize that Kada and the other employees at the auto repair shop where the incident occurred originally claimed that the victim was responsible for the multiple gunshots fired by Kada at the victim. (*Id.* at PageID.13808.)

Plaintiffs reply to contest Defendants' argument that Kada's prior convictions for felonious assault and felony firearm suggest Kada poses a danger to the community. (ECF No. 542, PageID.13884.) Plaintiffs highlight Kada's acceptance of responsibility for this conduct, the

5

overseeing state court's decision to dismiss the more serious charge and impose the minimum sentence required by law for these convictions, as well as the fact that Kada would have been released into the community in March 2018 without court-imposed supervision were he not detained by ICE. (*Id.*) Plaintiffs also argue that "the Court does not have to speculate as to whether [Kada] has reformed and rehabilitated himself[,]" noting that Kada has remained clean and sober, in addition to avoiding the commission of further offenses, despite having undergone immense adversity in the interim since 2017. (*Id.* at PageID.13885.)

The Court finds that Kada does not pose a danger to the community in light of the fact that he has served his imposed sentences and pursued methods of rehabilitation and substance use disorder treatment. Kada has had a trial period without court supervision and has succeeded very well. The Court also finds that Kada is not a flight risk given his proposed release plan. However, the Court will release Kada on bail only with the conditions that he abstain from consuming alcohol during the pendency of his release. Accordingly, Kada's application for bail is granted.

### III. Conclusion

For the reasons stated above, the Court grants bail for habeas litigation group member Kada. Habeas litigation group member Kada's release is subject to the conditions outlined in this Court's August 12, 2020 order. (ECF No. 179.) Additionally, habeas litigation group member Kada is subject to the additional condition that he abstain from consuming alcohol during the pendency of his release. Release under the bail process is to follow the bail process and standard Conditions of Release previously set forth. (*See* ECF Nos. 166, 177, 179, 243.)

In light of the new outbreak emerging at CCCF, the Court emphasizes the importance of the requirement that habeas litigation group members observe an initial 14-day quarantine at the place of residence, except as required to access needed healthcare or to report to ICE as directed. (ECF No. 179, PageID.5325.) Additionally, whether the habeas litigation group member should be quarantined from other people at the same residence during that period is committed to the discretion of the Custodian. (*Id*.)

**IT IS SO ORDERED.**

Dated: March 4, 2021　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 4, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
