UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,

          Petitioner-Plaintiff,    Case No. 20-10829

and

Qaid Alhalmi, *et al.*,

                                    Judith E. Levy
                                    United States District Judge

          Plaintiff-Intervenors,    Mag. Judge Anthony P. Patti

v.

Rebecca Adducci, *et al.*,

          Respondent-Defendants.

_____/

## ORDER

The Court had reviewed the parties' joint and separate statements regarding proposed discovery and case management. (ECF Nos. 616, 617, 618.) The Court concludes that there is good cause to permit the parties to conduct limited, written discovery regarding the current conditions of confinement at Calhoun County Correctional Facility with respect to COVID-19 vaccination, testing, and treatment. *See N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016);

*Smith v. Woods*, 2009 WL 804239 at *2 (E.D. Mich. Mar. 25, 2009) (citing *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). However, Plaintiffs have not shown that depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) are necessary to ascertain the conditions at Calhoun at this time. As such, the Court will authorize an abbreviated period of written discovery of 45 days.

With respect to Plaintiffs' proposed discovery (*see* ECF Nos. 617-2, 617-3), the Court will allow Request No. 17 and the inclusion of COVID-19 antiviral medications in Interrogatory Nos. 27 and 28 and Request Nos. 13 and 15. However, the Court concludes that Interrogatory Nos. 19, 20, and 24 and Request Nos. 12 and 19 are not necessary to evaluate the current conditions at Calhoun in light of Plaintiffs' other discovery requests. With respect to Defendants' proposed discovery (*see* ECF Nos. 617-6, 617-7), the Court concludes that Interrogatory Nos. 3 and 4 and Request No. 2 are not necessary to evaluate the current conditions of confinement at Calhoun and not otherwise related to a claim or defense in this case.

The parties also strongly disagree about what role, if any, redetention plays in this case. (*See* ECF No. 617, PageID.14794–14799;

2

ECF No. 618, PageID.14869–14872.) The Court does not reach this issue today. However, the Court agrees with Plaintiffs that Defendants should identify whether U.S. Immigration and Customs Enforcement ("ICE") will stipulate to continued release for any bailees who are currently removable or in immigration proceedings. In doing so, the Court and the parties may more accurately assess the scope of the redetention issue at the close of the limited discovery period.

Finally, the Court declines to schedule a status conference following the close of discovery and will instead set a briefing schedule for Plaintiffs to file a motion for leave to amend. If Plaintiffs elect to pursue a different procedural vehicle to address redetention and other related issues, they may contact the Court's case manager to schedule a status conference. The Court also declines to order Defendants to participate in a further settlement conference before the Honorable Laurie J. Michelson at this time.

Accordingly, the Court will permit limited discovery for 45 days as set forth above. The Court sets the following schedule:

| EVENT | DEADLINE |
|---|---|
| Deadline to Serve Written Discovery Requests | Friday, July 12, 2024 |

| EVENT | DEADLINE |
|---|---|
| Deadline to Respond to Written Discovery Requests | 30 days after service of written requests |
| Defendants to Identify Any Bailees for Whom ICE Will Stipulate to Continued Release | Friday, August 23, 2024 |
| Limited Discovery Period Ends | Friday, August 23, 2024 |
| Plaintiffs' Motion for Leave to Amend[1] | Friday, September 22, 2024 |
| Defendants' Response | 21 days after motion filed |
| Plaintiffs' Reply | 14 days after response filed |

IT IS SO ORDERED.

Dated: July 9, 2024  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

---

[1] The standard page limits in Eastern District of Michigan Local Rule 7.1(d)(3) apply to the briefing on Plaintiffs' motion for leave to amend.

4