# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

JANET MALAM,

Petitioner-Plaintiff,

and

QAID ALHALMI, et al.,

Plaintiff-Intervenors,

- against -

ROBERT LYNCH, et al.,

Respondent-Defendants.

No. 5:20-cv-10829-JEL-APP

Hon. Judith E. Levy

Mag. J. Anthony P. Patti

## PLAINTIFFS' SUPPLEMENTAL BRIEF ON COUNT IV

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................. ii

INTRODUCTION ........................................................................... 1

I.    Plaintiffs Have an Inherent Liberty Interest in Freedom from Physical Restraint That Has Not Been Extinguished in Criminal Proceedings............ 1

II.    Plaintiffs' Civil Redetention Violates Due Process Because Any Presumption That They Are a Flight Risk or Danger No Longer Holds.................................................................................... 3

       A.    Immigration Detention Must Serve, and Not Be Excessive in Relation to, the Special Justification of Addressing Flight Risk and Danger. ........................................................................... 3

       B.    *Demore* Does Not Foreclose As-Applied Challenges to Section 1226(c)................................................................................ 4

       C.    Under *Mathews*, Plaintiffs Cannot Be Redetained Absent a Hearing to Determine If They Are a Flight Risk or Danger. ............. 8

III.   Defendants' Miscellaneous Objections Are Meritless. ............................... 9

CONCLUSION ............................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addington v. Texas*,
    441 U.S. 418 (1979)................................................................4

*United States v. Baker*,
    807 F. 2d 1315 (6th Cir. 1986)........................................8

*Black v. Decker*,
    103 F.4th 133 (2d Cir. 2024)............................3, 7, 8, 9

*Demore v. Kim*,
    538 U.S. 510 (2003)....................................................*passim*

*Diop v. ICE*,
    656 F.3d 221 (3d Cir. 2011)...........................................5

*Foucha v. Louisiana*,
    504 U.S. 71 (1992)...............................................2, 4, 6

*German Santos v. Warden Pike Cnty. Corr. Facility*,
    965 F.3d 203 (3d Cir. 2020)....................................3, 5, 7, 8

*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*,
    442 U.S. 1 (1979).........................................................3

*Hamama v. Adducci*,
    946 F.3d 875 (6th Cir. 2020)......................................7, 10

*Kansas v. Hendricks*,
    521 U.S. 346 (1997).....................................................4

*Jennings v. Rodriguez*,
    583 U.S. 281 (2018).....................................................6

*Jorge M.F. v. Jennings*,
    534 F. Supp. 3d 1050 (N.D. Cal. 2021) ..............................7

*M.T.B. v. Byers,*
2024 WL 3881843 (E.D. Ky. Aug. 20, 2024) ..................................................7

*Mathews v. Eldridge,*
424 U.S. 319 (1976) ........................................................................................8

*Morrissey v. Brewer,*
408 U.S. 471 (1972) ........................................................................................3

*In re Moses,*
227 B.R. 98 (E.D. Mich. 1996) ....................................................................10

*Nielsen v. Preap,*
586 U.S. 392 (2019) ........................................................................................5

*Ortega v. Bonnar,*
415 F. Supp. 3d 963 (N.D. Cal. 2019) ...........................................................7

*Perera v. Jennings,*
598 F. Supp. 3d 736 (N.D. Cal. 2022) ........................................................7, 9

*Pham v. Becerra,*
717 F. Supp. 3d 877 (N.D. Cal. 2024) ...........................................................7

*Portillo v. Hott,*
322 F. Supp. 3d 698 (E.D. Va. 2018) .............................................................7

*Quilter v. Voinovich,*
981 F. Supp. 1032 (N.D. Ohio 1997) ...........................................................10

*Romero v. Kaiser,*
2022 WL 1443250 (N.D. Cal. May 6, 2022) ..................................................7

*Rosales-Garcia v. Holland,*
322 F.3d 386 (6th Cir. 2003) ..........................................................................4

*United States v. Salerno,*
481 U.S. 739 (1987) .....................................................................................3, 4

*Saravia v. Sessions,*
280 F. Supp. 3d 1168 (N.D. Cal. 2017), *aff'd sub nom. Saravia for
A.H. v. Sessions,* 905 F.3d 1137 (9th Cir. 2018) ...........................................7

*Vargas v. Jennings*,
    2020 WL 5517277 (N.D. Cal. Sept. 14, 2020) ..................................................7

*Wilkinson v. Austin*,
    545 U.S. 209 (2005) ........................................................................................1

*Young v. Harper*,
    520 U.S. 143 (1997) ........................................................................................3

*Zadvydas v. Davis*,
    533 U.S. 678 (2001) ......................................................................................2, 4

## Statutes

8 U.S.C. § 1226(c) ..............................................................................4, 5, 6, 7

8 U.S.C. § 1226(e) ...................................................................................10

8 U.S.C. § 1252(f)(1) ...............................................................................10

## Constitutional Provisions

Fifth Amendment Due Process ...............................................................*passim*

## **INTRODUCTION**

Plaintiffs allege that redetention without a determination that they are a flight risk or danger violates due process. The argument is straightforward: First, all people—citizens and noncitizens—have a liberty interest in their physical freedom.

Second, the government may deprive people of their freedom as punishment for a crime or when a special justification for civil detention outweighs a person's constitutionally protected liberty interest. Because immigration detention is civil, noncitizens cannot be deprived of their freedom absent a special justification that outweighs their liberty interest. The only justification to deprive noncitizens of their liberty during immigration proceedings is that they are a flight risk or danger.

Third, where this Court found Plaintiffs are not a flight risk or danger and where they have lived in the community for years, there is no special justification for civil detention that outweighs their constitutionally protected liberty interest unless the government shows they are in fact a flight risk or danger.

## I.    Plaintiffs Have an Inherent Liberty Interest in Freedom from Physical Restraint That Has Not Been Extinguished in Criminal Proceedings.

The core dispute here is about the nature of Plaintiffs' liberty interest. There are two kinds of liberty interests: "A liberty interest [1] may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or [2] it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted).

1

Plaintiffs' liberty interest arises from the Constitution itself. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). All people have a liberty interest in such freedom by virtue of being human. Defendants concede this, as they must. Tr., ECF 632, PageID.15229.

Yet Defendants still describe Plaintiffs' liberty interest as a state-created one arising from the bail orders. Defendants cite conditional release cases where courts consider whether an affirmative grant of freedom has created a new liberty interest. In Defendants' view, if the bail orders end, Plaintiffs no longer have such a liberty interest. Defs' Br., ECF 629, PageID.15160-67. Implicit in that argument is the assumption that Plaintiffs no longer have the first kind of liberty interest—the core constitutional protection from unwarranted deprivations of human freedom.

Defendants argue that if a person was ever in "lawful immigration detention," they forever lose their inherent human liberty interest because there is "'no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" *Id*., Page ID.15161-62 (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Defendants conflate civil immigration detention with criminal punishment, where "the conviction, with all its procedural safeguards, has extinguished . . [the

2

prisoner's] liberty right." *Greenholtz*, 442 U.S. at 7. Plaintiffs' inherent liberty interest has not been extinguished; it is intact. *See Black v. Decker*, 103 F.4th 133, 151 (2d Cir. 2024) (discussing noncitizens' liberty interest); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213 (3d Cir. 2020) (same). Whether Plaintiffs *also* have a state-created liberty interest from the bail orders is thus immaterial.[1]

The question is not whether Plaintiffs have an inherent liberty interest, but whether Defendants may deprive them of it. Plaintiffs do not contest their original detention. They bring an as-applied challenge to redetention: the state's interest in detention without process on the presumption that they are a danger or flight risk no longer outweighs their liberty interest where they have lived for years in the community and where this Court has found that they are neither a danger nor flight risk.

## II. Plaintiffs' Civil Redetention Violates Due Process Because Any Presumption That They Are a Flight Risk or Danger No Longer Holds.

### A. Immigration Detention Must Serve, and Not Be Excessive in Relation to, the Special Justification of Addressing Flight Risk and Danger.

"In our society liberty is the norm," and detention is the "carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Detention violates

---

[1] The conditional release cases do set a floor: if people released from *criminal* imprisonment who have a liberty interest get due process before reincarceration, then process must also be due to people who were released from *civil* detention and have an even greater interest in their continued liberty. *See Morrissey v. Brewer*, 408 U.S. 471 (1972); *Young v. Harper*, 520 U.S. 143 (1997).

substantive due process unless "ordered in a *criminal* proceeding with adequate procedural protections, or, in certain special and narrow nonpunitive circumstances, where a special justification . . . outweighs the individual's constitutionally protected interest" in liberty. *Zadvydas*, 533 U.S. at 690 (cleaned up). Civil detention must "bear[] [a] reasonable relation to the purpose for which the individual [was] committed," *id.*, and not be excessive in relation to that purpose. *Salerno*, 481 U.S. at 747. The special justification for civil immigration detention are: (1) preventing flight and (2) protecting the community. *Zadvydas*, 533 U.S. at 690. Plaintiffs' detention must serve and not be excessive in relation to those purposes. *Id.* at 690-99; *accord Rosales-Garcia v. Holland*, 322 F.3d 386, 411 (6th Cir. 2003); Op., ECF No. 127, PageID.4223-24 (detention excessive in relation to government interest).

Due process contains both a substantive prohibition on unwarranted imprisonment and "strong procedural protections" to ensure that the substantive prohibition is observed. *Zadvydas*, 533 U.S. at 691. A hearing on whether civil detention serves a non-punitive purpose is the most basic protection required by the Fifth Amendment. *See id.*; *Foucha*, 504 U.S. at 79; *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997); *Addington v. Texas*, 441 U.S. 418, 428 (1979).

### B. *Demore* Does Not Foreclose As-Applied Challenges to Section 1226(c).

The government targeted the redetention Plaintiffs for imprisonment because it believes they are subject to 8 U.S.C. § 1226(c). In *Demore v. Kim*, 538 U.S. 510

(2003), the Supreme Court found a limited exception to the bedrock due process principle that a person cannot be deprived of their liberty without a hearing. *Demore* rejected a *facial* challenge to § 1226(c), holding that the noncitizen's liberty interest was outweighed by the government's interest in detaining for "a very limited time" certain noncitizens upon completion of their criminal sentence based on the presumption that they are a danger or flight risk. *Demore*, 538 U.S. at 529 n.12, 514 n.2. Importantly, such noncitizens can still bring *as-applied* challenges arguing that they are "entitled to an individualized determination as to [their] risk of flight and dangerousness" where detention in their individual case would be "unreasonable or unjustified" absent such a hearing. *Id.* at 532 (Kennedy, J., concurring).[2]

The Court reiterated the availability of as-applied challenges in *Nielsen v. Preap*, 586 U.S. 392, 420 (2019), a case concerning § 1226(c)'s applicability to people living in the community. *Preap* rejected a statutory argument that § 1226(c) applies only to noncitizens taken directly from criminal to immigration custody, as in *Demore*. *Id.* at 407. The Court found the statute too clear for a constitutional-avoidance reading. *Id.* at 419. But in responding to the dissent's argument—that the government lacks a strong special justification for mandatory detention that outweighs the liberty interest where people have led law-abiding lives in the

---

[2] "Because [Justice Kennedy] read the majority's discussion of the facial challenge as consistent with that premise, he cast the fifth vote." *Santos*, 965 F.3d at 209; *see also Diop v. ICE*, 656 F.3d 221, 232 (3d Cir. 2011).

community for years—the Court emphasized that its decision did not foreclose as-applied constitutional challenges in such cases. *Id.* at 420.

Thus, the government's reading of *Demore* is incorrect: it does not impose—and cannot constitutionally impose—an irrebuttable presumption that regardless of proof to the contrary, a person forever poses a risk of flight or danger because of a prior criminal conviction. Even if a presumption of flight risk/danger was justified in the narrow circumstance of *Demore* (*i.e.*, brief detention[3] upon release from criminal custody), extending it to people like Plaintiffs—who have been at liberty for years, who are fully reintegrated into the community, who have demonstrated that they are law-abiding, and whom this Court specifically found are not a flight risk or danger, 3d Am. Compl., ECF 627-2, ¶¶ 48-140—would be arbitrary and punitive. *See Foucha*, 504 U.S. at 77 ("Even if the initial commitment was permissible," civil detention may not "constitutionally continue after that basis no longer exist[s].").

Since *Demore*, many courts have held § 1226(c) to be unconstitutional as applied where the detention at issue was not reasonably related to, or was excessive in relation to, the government's non-punitive purpose of preventing flight or danger. Most commonly these decisions hold that because detention has lasted far longer

---

[3] *Demore* assumed § 1226(c) detention is brief, 538 U.S. at 530, but it is often prolonged. Although the Supreme Court rejected the canon of constitutional avoidance to read into the statute an implicit limitation on the length of detention, *see Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), the Court similarly left open as-applied constitutional challenges to prolonged § 1226(c) detention. *Id.* at 312.

than the brief period at issue in *Demore*, a hearing is required.[4] In other cases, courts have found that detention under § 1226(c) without a hearing is unconstitutional for people who—like Plaintiffs here—have been living in the community.[5] The core question is the same in both: as applied, is detention without any inquiry into flight risk or danger reasonably related to, or excessive in relation to, the government's interests?

Two common threads run through the caselaw. First, courts reject the notion that just because detention can be a "constitutionally permissible part of the removal process," *Demore*, 538 U.S. at 531, detention is automatically constitutional as applied to the petitioner before them. *See, e.g.*, *Santos*, 965 F.3d at 210; *Black*, 103 F.4th at 145; *Perera*, 598 F. Supp. 3d at 743.

Second, courts adopt a "highly fact-specific" inquiry to determine whether the

---

[4] The Second and Third Circuits, and many lower courts, have held that prolonged detention under § 1226(c) is unconstitutional. *See Black*, 103 F.4th at 143; *Santos*, 965 F.3d at 209-10; *M.T.B. v. Byers*, 2024 WL 3881843 (E.D. Ky. Aug. 20, 2024); *Portillo v. Hott*, 322 F. Supp. 3d 698, 707 (E.D. Va. 2018). The Sixth Circuit has yet to consider an as-applied challenge to § 1226(c). *See Santos*, 965 F.3d at 210 (rejecting argument that *Hamama v. Adducci*, 946 F.3d 875 (6th Cir. 2020), foreclosed as-applied challenges).

[5] *Perera v. Jennings*, 598 F. Supp. 3d 736, 746 (N.D. Cal. 2022); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Pham v. Becerra*, 717 F. Supp. 3d 877, 887 (N.D. Cal. 2024); *Romero v. Kaiser*, 2022 WL 1443250, at *3 (N.D. Cal. May 6, 2022); *Vargas v. Jennings*, 2020 WL 5517277, at *2 (N.D. Cal. Sept. 14, 2020). Courts have similarly held that a hearing is required before redetention of noncitizens subject to other detention statutes who had been released on bond. *See, e.g.*, *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137, 1144 (9th Cir. 2018); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021).

government's interest in detention-by-presumption outweighs the petitioner's interest in liberty. *Santos*, 965 F.3d at 210, 209-13. Most courts use the balancing test of *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See*, *e.g.*, *Black*, 103 F.4th at 151-55 (under *Mathews*, hearing required to determine whether plaintiffs, one of whom had been released under a COVID-19 related injunction, should be detained).

Plaintiffs allege that here, too, the government's interest in detention without process cannot outweigh their liberty interest. Defendants respond that if detention-by-presumption was facially constitutional when Plaintiffs were initially detained, it is necessarily constitutional as applied four years later. Essentially, Defendants are asking this Court not only to hold that the presumption is irrebuttable, but also to pretend that the last four years did not happen. That is not how as-applied challenges work. Rather, the Court must look at the specific facts here, which are:

- This Court found each Plaintiff is neither a flight risk nor a danger.
- Plaintiffs—who can be redetained if they violate a condition of release, ECF 179—have been living in the community with their families for four or nearly five years, living up to this Court's faith in them.

On these facts, detention by presumption violates due process.

### C.  Under *Mathews*, Plaintiffs Cannot Be Redetained Absent a Hearing to Determine If They Are a Flight Risk or Danger.

The Sixth Circuit determines procedural protections for civil detention under the familiar three-factor *Mathews* test. *United States v. Baker*, 807 F. 2d 1315, 1321 (6th Cir. 1986). All three factors weigh strongly in Plaintiffs' favor.

First, the private interest affected here "is the most significant liberty interest there is—the interest in being free from imprisonment." *Black*, 103 F.4th at 151. Further, Plaintiffs (who have already been detained for up to nine months—far longer than the 1.5 to 4 months in *Demore*, 538 U.S. at 530) face prolonged detention if redetained. 3d Am. Compl., ECF 627-2, ¶¶ 59, 74, 87, 100, 112, 125, 138.

Second, absent procedural protections, the risk of an erroneous deprivation of liberty is high. On the facts here, it is highly likely that (a) Plaintiffs' detention is unnecessary, and (b) individual review would establish, as it did before, that they are not a flight risk or danger, eliminating the only valid justifications for detention.[6]

Third, while the government has a significant interest in enforcing immigration law, "that interest is not at stake here; instead, it is the much lower interest in detaining [noncitizens] without a [] hearing." *Perera*, 598 F. Supp. 3d at 746. The government has no legitimate interest in detaining noncitizens who are not a danger or flight risk; instead, it has an interest in "minimizing the enormous impact of incarceration in cases where it serves no purpose." *Black*, 103 F.4th at 154.

## III. Defendants' Miscellaneous Objections Are Meritless.

Defendants argue Plaintiffs have no liberty interest because the bail orders are

---

[6] As the Second Circuit has noted, "Section 1226(c)'s broad reach means that many noncitizens are detained who, for a variety of individualized reasons, are not dangerous, have strong family and community ties, are not flight risks and may have meritorious defenses to deportation." *Black*, 103 F.4th at 152 (cleaned up).

invalid.[7] But their liberty interest does not derive from those orders. Defendants also want the Court to ignore its earlier factual findings. Defendants cannot unring a bell, nor wish away the facts. If there had been no pandemic, there would not have been releases on bail nor judicial findings about each person's lack of flight risk or danger. But there was a pandemic. Those are the facts of this as-applied challenge.

Defendants' argument that the Court lacks jurisdiction under 8 U.S.C. § 1226(e), is foreclosed by *Demore*, as this Court has already held. *See* Op., ECF No. 23, PageID.548 (citing *Demore*, 538 U.S. at 514-16).

Finally, Defendants quibble over what process is due. That is a remedy question for a later time. For purposes of the current motion, Plaintiffs have plausibly alleged that redetention without *any* process is unconstitutional.

## CONCLUSION

The Court should grant Plaintiffs leave to supplement their Complaint.

---

[7] Defendants argue the bail orders were improper under "[i]ntervening Supreme Court caselaw." Defs.' Br., ECF 629, PageID.15167 (citing *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022)). But the Sixth Circuit had already held that 8 U.S.C. § 1252(f)(1) bars class-wide injunctive relief before this Court set up the bail process. *See* Pls.' Mot. Class Cert., ECF 112, PageID.3809-12. The Court thus designed the bail process to avoid class-wide injunctive relief: it issued the bail orders in habeas, *see Hamama*, 912 F.3d at 879 (§ 1252(f)(1) inapplicable to habeas), and each order was individualized, reflecting the fact that the statute does not prevent a court from granting relief to "an individual alien," 8 U.S.C. § 1252(f)(1), as this Court has noted, Op., ECF 23, PageID.548-49. Finally, even if the Court somehow erred legally in issuing the bail orders, that does not invalidate the Court's factual findings. *See, e.g.*, *In re Moses*, 227 B.R. 98, 101 n.3 (E.D. Mich. 1996); *Quilter v. Voinovich*, 981 F. Supp. 1032, 1035 (N.D. Ohio 1997).

Respectfully submitted,

/s/ *Miriam J. Aukerman*
Miriam J. Aukerman (P63165)
American Civil Liberties Union
   Fund of Michigan
1514 Wealthy Street SE, Suite 260
Grand Rapids, MI 49506
Telephone: (616) 301-0930
maukerman@aclumich.org

Daniel S. Korobkin (P72842)
Ramis J. Wadood (P85791)
American Civil Liberties Union
   Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
Telephone: (313) 578-6824
dkorobkin@aclumich.org
rwadood@aclumich.org

David C. Fathi
Eunice H. Cho
ACLU National Prison Project
915 15th St. NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616
dfathi@aclu.org
echo@aclu.org

Anand V. Balakrishnan
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2660
abalakrishnan@aclu.org

My Khanh Ngo
ACLU Immigrants' Rights Project
425 California Street, 7th Floor
San Francisco, CA 94104
Telephone: (415) 343-0764
mngo@aclu.org

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

/s/ *Mark F. Mendelsohn*

Mark F. Mendelsohn
Tanaz Moghadam
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
mmendelsohn@paulweiss.com
tmoghadam@paulweiss.com

Johan E. Tatoy
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
jtatoy@paulweiss.com

*Attorneys for Petitioner-Plaintiffs*

Dated: February 21, 2025