# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JANET MALAM, <br><br>          Petitioner-Plaintiff, <br><br> and <br><br> QAID ALHALMI, et al., <br><br>          Plaintiff-Intervenors, <br><br> - against - <br><br> ROBERT LYNCH, et al., <br><br>          Respondent-Defendants. | No. 5:20-cv-10829-JEL-APP <br><br> Hon. Judith E. Levy <br><br> Mag. J. Anthony P. Patti |

**PLAINTIFFS' REPLY TO
DEFENDANTS' SUPPLEMENTAL BRIEF ON COUNT IV**

Count IV plausibly alleges that categorical mandatory detention as applied to Plaintiffs violates due process because, where there has already been both individualized court findings of no flight risk or danger and demonstrated reintegration into the community, mandatory incarceration does not "bear[] a reasonable relation to the purpose" of immigration detention. *Demore v. Kim*, 538 U.S. 510, 527 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). Due process does not permit the imposition of an *irrebuttable presumption* of dangerousness and flight risk in the circumstances here. Defendants' arguments to the contrary fail.

First, Plaintiffs bring an as-applied challenge to § 1226(c) that the Supreme Court has left open. Defendants' reliance on *Demore* fails to recognize that as-applied constitutional challenges remain available. *See Demore*, 538 U.S. at 532 (Kennedy, J., concurring); *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018). Indeed, in *Nielsen v. Preap*, the Supreme Court specifically declined to address the constitutionality of mandatory § 1226(c) detention for people who—like Plaintiffs—were living in the community. 586 U.S. 392, 420 (2019) (decision "does not foreclose as-applied challenges—that is constitutional challenges to the application of the statute").

Second, *Demore* did not address the constitutionality of mandatory detention of non-citizens living in the community—the very question left undecided in *Preap*.

Nor has the Supreme Court ever addressed unusual circumstances like this where Plaintiffs do not contest the mandatory detention that they experienced prior to the Court's bail orders, but rather say that due process now requires a pre-deprivation hearing given the intervening court findings and length of time complying with the Court's bail orders.

Defendants point to *Carlson v. Landon*, 342 U.S. 524 (1952), but it is completely inapposite. *Carlson* addressed the "narrow question" of whether the Attorney General had abused his discretion in denying bail to communists whose release he found "would endanger the welfare and safety of the United States." *Id.* at 526, 529. *See also id.* at 541 (describing evidence supporting Attorney General's finding that petitioners were a danger). The Court explicitly stated that it was *not* dealing with a situation involving categorical denial of bail, *id*. at 541-42 ("There is no evidence or contention that all persons arrested . . . for Communist membership are denied bail"), and the government in *Carlson* conceded that the Attorney General's denial of bail was subject to judicial review, *id.* at 540. *Carlson* in no way suggests that Plaintiffs' as-applied challenge to their mandatory detention under § 1226(c) is impermissible.

Third, Defendants suggest that only prolonged detention raises constitutional concerns. Not so. *Preap* specifically recognizes that people living in the community

2

can bring constitutional challenges to § 1226(c). Both pre-*Preap* and post-*Preap* decisions question the constitutionality of such detention.[1]

Oddly, Defendants cite *Castañeda v. Souza*, 810 F.3d 15 (1st Cir. 2015), a pre-*Preap* case where an evenly divided en banc court left in place two district court decisions holding that § 1226(c) detainees who had been living in the community must receive bond determinations. The prevailing judges had the better argument. *Id.* at 41 (opinion of Barron, J.) ("It is counter-intuitive to say the least to say that [non-citizens] with potentially longstanding community ties are, as a class, poor bail risks." (citations omitted)); *Castañeda v. Souza*, 769 F.3d 32, 44 (1st Cir. 2014), *opinion withdrawn on reh'g en banc*, 810 F.3d 15 (1st Cir. 2015) (any "presumption of dangerousness and flight risk is eroded by the years in which [an] alien lived peaceably in the community"). The reasoning of the non-prevailing opinion—that

---

[1] *Demore* requires categorical detention to be based on "reasonable presumptions" of flight risk and danger. 538 U.S. at 526. Numerous courts have suggested that a presumption of flight risk and danger is unreasonable for people who are living in the community, not coming from criminal custody (as in *Demore*). *See, e.g.*, *Rodriguez v. Shanahan*, 84 F. Supp. 3d 251, 265 (S.D.N.Y. 2015); *Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 544, 549-50 (S.D.N.Y 2014); *Martinez-Done v. McConnell*, 56 F. Supp. 3d 535, 547-48 (S.D.N.Y. 2014); *Nabi v. Terry*, 934 F. Supp. 2d 1245, 1248 (D.N.M. 2012); *see also* ECF No. 635, PageID.15279 (citing additional cases). Defendants' only contrary case is *Rocha v. Barr*, 422 F. Supp. 3d 472, 478 (D.N.H. 2019). While recognizing that as-applied challenges are available and that many courts have questioned the constitutionality of applying § 1226(c) to those in the community, *Rocha* concluded that in the absence of controlling authority it would uphold detention based on a presumption that people are a flight risk once they learn the government wants to deport them. *Id.* at 478-80.

3

people living in the community become a flight risk when they learn the government wants to deport them, *see Castaneda*, 810 F.3d at 61 (Kayatta, J.)—does not apply here where Plaintiffs have been reporting for years with full knowledge that the government is seeking their removal. Plaintiffs' claim is more analogous to post-*Preap* cases requiring pre-deprivation hearings after a person was released by an immigration judge—cases Defendants fail to address. ECF No. 635, PageID.15279.

Finally, Defendants argue that because the government has an interest in effectuating removals, detention is permissible irrespective of flight risk or danger. ECF No. 638, PageID.15343. That reasoning is both circular and dangerous. While the government has an interest in removing noncitizens who lose their immigration cases, detention is not necessary to serve that interest unless the person is a flight risk or danger. Moreover, on Defendants' theory, *any* noncitizen could be detained without process simply because the government wants to remove them. A person's immigration status is not a special justification for civil detention that outweighs a person's liberty interest. *See Zadvydas*, 533 U.S. at 692 (immigration status bears no relationship to dangerousness).

In sum, the constitutionality of immigration detention depends on danger and flight risk. Section 1226(c)'s presumption of danger and flight risk cannot hold where this Court has specifically found that Plaintiffs are not a danger or flight risk and where they have for years proven that to be true.

4

Respectfully submitted,

/s/ *Miriam J. Aukerman*
Miriam J. Aukerman (P63165)
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy Street SE, Suite 260
Grand Rapids, MI 49506
Telephone: (616) 301-0930
maukerman@aclumich.org

Daniel S. Korobkin (P72842)
Ramis J. Wadood (P85791)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
Telephone: (313) 578-6824
dkorobkin@aclumich.org
rwadood@aclumich.org

David C. Fathi
Eunice H. Cho
ACLU National Prison Project
915 15th St. NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616
dfathi@aclu.org
echo@aclu.org

Anand V. Balakrishnan
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2660
abalakrishnan@aclu.org

My Khanh Ngo
ACLU Immigrants' Rights Project
425 California Street, 7th Floor
San Francisco, CA 94104
Telephone: (415) 343-0764
mngo@aclu.org

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

/s/ *Mark F. Mendelsohn*

Mark F. Mendelsohn
Tanaz Moghadam
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
mmendelsohn@paulweiss.com
tmoghadam@paulweiss.com

Johan E. Tatoy
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
jtatoy@paulweiss.com

*Attorneys for Petitioner-Plaintiffs*


Dated: March 25, 2025

5