UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam, et al.,

       Petitioners-Plaintiffs,               Civil No. 20-10829

v.                                    Honorable Judith E. Levy
                                    Mag. Judge Anthony P. Patti

Rebecca Adducci, et al.,

       Respondents-Defendants.

_____/

**RESPONDENTS' REPLY TO PETITIONERS' RESPONSE TO THE
DECLARATIONS OF SARA STARBUCK-POOLE AND CAPTAIN
MATTHEW GAULT**

**A.** **This Court must ensure it has standing and it is not required to accept Petitioners' legal conclusions as true.**

Courts "must ensure that litigants have standing under Article III before assessing their claims." *Kitchen v. Whitmer*, 106 F.4th 525, 533 (6th Cir. 2024). Petitioners base standing on the alleged increased risk of death or serious illness from COVID for detainees at Calhoun. (Prop. Am. Compl., ECF No. 627-2, PageID.15089). It is Petitioners' burden to allege specific facts establishing standing. *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 411–12 (2013). Further, because Petitioners ask the Court to find that another branch of government will violate the constitution, the standing inquiry is "especially rigorous." *Id.* at 408.

Petitioners conclude that because they believe the provision of vaccines and antiviral medication to detainees at Calhoun is lacking, detainees have "a substantial risk of contracting COVID-19 and suffering serious harm or even death." (Prop. Am. Compl., ECF No. 627-2, PageID.15088-15089). The Court is not obligated to accept as true Petitioners' legal conclusion that there is a "substantial risk." *See Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) (The court "need not accept as true legal conclusions or unwarranted factual inferences."). Further, if the Court finds jurisdiction hinges on factual disputes over the provision of vaccines and antiviral medication, it does not give deference to Petitioners' allegations and instead weighs evidence. *See Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) ("When facts presented to the

district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist.").

      **B.**     **The discovery Petitioners seek is unnecessary to resolve the standing issue.**

There is sufficient information in the discovery already exchanged, the declarations ordered by the Court, and the public information of which the Court can take judicial notice for the Court to make a ruling on standing. For purposes of standing, "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014).

Petitioners have not established that death or serious illness is "certainly impending" for Calhoun detainees. Petitioners allege that detainees *might* get COVID, and *if* they do, they *might* not be up-to-date on their vaccines or have natural immunity, and their medical risk profile *might* make them a candidate for antiviral medication, and, if so, they *might* not receive antiviral medication, and *if* those things happen, they *might* suffer severe illness. This "highly attenuated chain of possibilities" does not "satisfy the requirement that threatened injury must be certainly impending." *Clapper*, 568 U.S. at 410.[1] *See also Jimenez v. U.S.*

---

[1] Petitioners' reliance on *Helling v. McKinney*, 509 U.S. 25 (1993), does not change the analysis. There the Court held that the government could not ignore a condition

*Immigration and Customs Enforcement, et al.*, No. 23-06353, 2024 WL 2306281

(N.D. Cal., May 20, 2024) (dismissing similar case for lack of standing).

While the Sixth Circuit has not articulated what is required to show

"substantial risk" in the context of a future injury, the D.C. Circuit has a number of

well-reasoned cases addressing this issue. In *Food & Water Watch, Inc. v. Vilsack*,

808 F.3d 905, 914 (D.C. Cir. 2015), the court addressed whether the plaintiff had

standing based on an alleged increased risk of harm from poultry due to a change

in inspections. The court held that to meet the standing requirement, the plaintiff

had to show both (i) a substantially increased risk of harm and (ii) a substantial

probability of harm with that increase taken into account. *Id*. Petitioners do not

allege any facts to show how their risk is *substantial* at Calhoun above what they

would otherwise face if not detained, nor how the purported increase affects the

*probability* that they will face harm.

This Court has already permitted Petitioners to conduct multiple depositions,

serve 25 interrogatories, and 18 document requests. The most recent round of

responses were served in August 2024. This does not include the various

declarations that have been filed regarding the changing COVID protocols,

numerous informal communications, and weekly reporting that went on for years.

---

that was "sure or very likely to cause serious illness," because the Eighth
Amendment "protects against sufficiently imminent dangers." *Id*. at 33–34. Thus,
*Helling* still requires a showing of substantial likelihood or imminence.

Respondents supplemented the last round of discovery by providing the names of the detainees who chose to be vaccinated once the latest COVID vaccine was approved and by providing Calhoun's new medical services provider, VitalCore's, guidelines on COVID. All of this information was gathered by people who have other duties serving the detained population.

Beyond the flow of information derived from this litigation, there is a plethora of public information reporting things such as the incidence of COVID, the declining vaccination rate as we move further from the pandemic, and the rate of hospitalization. Five years into this action, there is no shortage of information to draw upon to show a substantial risk of death or serious illness to detainees at Calhoun if it existed.

Yet, Petitioners still rely on nothing more than their concern that something could happen, and that Calhoun has not been perfect in its efforts. At this rate, the case will never end as Petitioners continually ask for new rounds of discovery and briefing based on alleged flaws. That is the purpose of Article III standing. Petitioners are required to show more than a *possibility* of harm—they must show a real and significant risk that would justify using the Court to "usurp the powers of the political branches" to dictate how COVID should be managed at Calhoun. *Clapper*, 568 U.S. at 408.

The information sought by Petitioners in their interrogatories is either irrelevant to standing or has already been provided. Respondents provided the policies and guidance in place at Calhoun and supplemented it when Calhoun changed medical service providers. (Rog. 26–27). Identification of specific medically vulnerable detainees is unnecessary to the issue of standing as it is clear that Calhoun regularly has at least some detainees who are medically vulnerable. (Rog. 28). Calhoun updated Petitioners with the names of detainees who chose to be vaccinated. (Rog. 29, 35). Notably, zero detainees chose to be vaccinated at the last clinic in February 2025. Calhoun has already stated that it does not maintain antiviral medication on site but identified a 24-hour pharmacy from which it can be ordered. (Rog. 30). Calhoun also stated it has not administered antivirals as of August 2024 and Petitioners fail to identify anyone for whom such medication was indicated and who did not receive it to their detriment. Calhoun provided the guidance it relies on for antivirals which links to standards from the National Institute of Health. (Rog. 33). Respondents have repeatedly provided educational materials and explained what translation services Calhoun uses. (Rog. 34). The process for payment is entirely irrelevant. (Rog. 36–37).

The document requests are equally unnecessary. To the extent Petitioners ask for documents summarizing certain data, it is unlikely that such documents exist, and Calhoun cannot be compelled to create a document in response to a request.

*See Harris v. Advance Am. Cash Advance Centers, Inc.*, 288 F.R.D. 170, 174 (S.D. Ohio 2012) ("Rule 34 requires a party to produce documents that already exist and a party does not have to create a document in response to a request for production."); *Fox v. Cnty. of Saginaw by Bd. of Commissioners*, No. 19-11887, 2022 WL 1439661, at *2, n.2 (E.D. Mich. May 6, 2022) (citation omitted) ("A request to produce cannot ask the responding party to create documents, such as lists; Rule 34 can be used only to require the production of things in existence."). Respondents provided medical records for a similar previous request and Petitioners have not identified any failure to treat COVID.

The unnecessary discovery Petitioners seek is to find more alleged flaws without ever getting to the crux of the issue. Petitioners utterly fail to allege what the purported flaws have amounted to for the detained population. We are far removed from the public health emergency and Petitioners still have not identified any detainees who actually suffered serious illness or death because of the policies at Calhoun—or how the risk of serious illness or death is currently increased for detainees at Calhoun. Without any allegations in the proposed complaint (or the subsequent briefs) on how the potential for serious illness or death rises to the level of a "substantial risk" or "imminence" for detainees at Calhoun, this latest round of discovery delays the inevitable. Petitioners lack standing, no further discovery should be ordered, and this action should be dismissed.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*/s/ Jennifer L. Newby*
Jennifer L. Newby (P68891)
Assistant United States Attorney
Attorney for Respondents
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0295
Jennifer.Newby@usdoj.gov

Dated:  November 13, 2025

## CERTIFICATION OF SERVICE

I hereby certify that on November 13, 2025, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system that will provide notice to

all counsel of record.

*/s/ Jennifer L. Newby*

JENNIFER L. NEWBY (P68891)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
(313) 226-0295
Jennifer.Newby@usdoj.gov