**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JANET MALAM, et al.<br><br>Plaintiffs-Petitioners,<br><br>- against –<br><br>KEVIN RAYCRAFT, in his official capacity as Detroit District Director of U.S. Immigration & Customs Enforcement; et al,<br><br>Respondent-Defendants. | No. 5:20-cv-10829-JEL-APP<br><br>Hon. Judith E. Levy<br><br>Mag. J. Anthony P. Patti<br><br>**EMERGENCY MOTION FOR RELEASE OF ANDRES TOMAS ALVAREZ HERNANDEZ** |

Petitioners file this emergency motion seeking the immediate release of Andres Tomas Alvarez Hernandez, a Habeas Group Litigation Member who was released by this Court nearly six years ago and who is being unlawfully detained by Respondents in violation of this Court's orders.

Petitioners are working to obtain a declaration from Mr. Alvarez Hernandez. Due to his detention, that is complicated, but Petitioners will provide the declaration as soon as it is available. The facts set out below are based on conversations with Mr. Alvarez Hernandez and his wife, as well as on communications with Respondents.

Mr. Alvarez Hernandez is a Cuban national who has lived in the United States for the last quarter century. *See* Bail Application, ECF 421. On December 11, 2020, this Court ordered his release on bail. *See* Eleventh Order on Bail, ECF 456. Since that time, he has been living successfully in the community with his family, who include his lawful permanent resident wife and three U.S. citizen daughters, and has been complying with his conditions of supervision.

On October 5, 2026, when Mr. Alvarez Hernandez reported to ICE for a routine check-in, he was told to sign a document, which he did, believing it was routine paperwork. ICE officers told him that he was under arrest because COVID was over, that he had no right to be free any longer, and that his release was not valid. Mr. Alvarez Hernandez has been detained ever since. His last known detention location was the Daviess County Detention Center in Kentucky.

This Court's Order Regarding Conditions of Release, ECF 179, ¶ 10, provides:

> ICE may not arrest or detain the Habeas Litigation Group Member except (a) upon an order permitting arrest issued by this Court (i) for violation of these conditions of release or (ii) based on a discovery by defendants of additional information which demonstrates that the Habeas Litigation Group member is dangerous; (b) where there is a final order of removal and a travel document is obtained and where the Habeas Litigation Group Member will be removed within 7 days and ICE has determined that the Member cannot self-report to the airport or other specified location for removal; or (c) where ICE has evidence and a good-faith belief that the Habeas Litigation Group Member has absconded and where ICE has attempted to contact the Habeas Litigation Group Member's custodian. ICE may move to detain a

> Habeas Litigation Group Member more than 7 days prior to removal. ICE must give Habeas Litigation Group Counsel and the Court notice of such arrest or detention on the same day the Habeas Litigation Group Member is detained.

Respondents have detained Mr. Alvarez Hernandez for 32 days now, although none of these conditions were met. Respondents have not obtained an order permitting arrest (subsection a), nor can there be any argument that Mr. Alvarez Hernandez was absconding (subsection c), where he was arrested while reporting to ICE. Mr. Alvarez Hernandez does have a final order of removal to Cuba, but Petitioners are unaware of any evidence that ICE has obtained a travel document for him or that there is a reason—if his removal has been scheduled—that he cannot self-report for removal. More importantly, the seven-day limit has long been exceeded as he has now been detained for over a month. Yet Respondents have not sought the Court's permission for extended detention. Respondents also failed to comply with the Court's order that they give both the Court and Class Counsel notice of the arrest on the same day that the Habeas Litigation Group Member is detained. *See* Order Regarding Conditions of Release, ECF 179, ¶ 10.

Class Counsel learned of Mr. Alvarez Hernandez's detention in the late afternoon on Wednesday, November 4, 2026, and immediately investigated. After confirming the facts, Class Counsel immediately reached out to Respondents' counsel on November 5, 2026, stating that it appeared Mr. Alvarez Hernandez had been detained in violation of the Court's order, and asking for confirmation of his

release by the end of the day, or an explanation of how his detention complied with the Court's order. Respondents' counsel, after contacting ICE, reported that Mr. Alvarez Hernandez had been detained by the Louisville Field Office in preparation for third country removal, and that he had agreed to be removed to a third country—specifically, Mexico. Petitioners asked for the date on which he allegedly agreed to removal to a third country, and a copy of his consent for removal. Respondents' counsel refused to provide that information or a copy of any consent form. Mr. Alvarez Hernandez himself reports he has never knowingly agreed to removal to a third country. It is unclear whether the document he was told to sign at his check-in was some form of consent to third country removal and whether it was communicated in a language that Mr. Alvarez Hernandez, a monolingual Spanish speaker, understands. Mr. Alvarez Hernandez has advised that he did not knowingly sign a consent order to be deported to a third country.

Mr. Alvarez Hernandez's sudden detention has had a significant impact on his family. His 15-year-old daughter is suffering from panic attacks, anxiety, and depression since her father was detained, and is seeing a psychologist twice a week to deal with her trauma. Mr. Alvarez Hernandez has also been the primary support to his 96-year-old father, who has become very depressed and cries every day since Mr. Alvarez Hernandez Andres was detained. The family has also suffered significant financial harm because Mr. Alvarez Hernandez, who has held a stable

job at a garbage pickup company, was the head of household and sole wage earner in the family.

Despite Petitioners' request, Respondents provided no explanation for violating this Court's order. Instead, they have continued to detain Mr. Alvarez Hernandez despite being aware of the Court's order and in direct violation of that order. Respondents may not agree with the fact that the bail order remains in effect, but they cannot just violate a court order because they disagree with it. *See Glover v. Johnson*, 138 F.3d 229, 243 (6th Cir. 1998) ("Validly entered court orders, even if later shown to be unnecessary, must be obeyed, under pain of contempt."); *Juan T.R. v. Noem*, No. 26-CV-0107, 2026 WL 232015, at *1 (D. Minn. Jan. 28, 2026) ("ICE has every right to challenge the orders of this Court, but, like any litigant, ICE must follow those orders unless and until they are overturned or vacated.").

Here, Respondents knowingly have—and are continuing to—violate the Court's orders. Respondents did not move to lift or modify the bail order, seek permission for detention longer than 7 days[1], or attempt to demonstrate why Mr. Alvarez Hernandez cannot self-report for removal if a travel document has been obtained (which there is no evidence to suggest occurred). Indeed, even after

[1] *See* Order Regarding Conditions of Release, ECF 179, ¶ 10. Respondents have in the past sought permission to exceed the seven-day time limit, and Petitioners have concurred where that was appropriate. *See, e.g.* Stipulated Order Regarding Detention, ECF 609; Stipulated Order Regard Detention, ECF 611.

Respondents' noncompliance was directly raised with Respondents' counsel, who confirmed that Respondents are aware of the bail order, Respondents have not released Mr. Alvarez Hernandez.

The Court should not permit such violation of its orders, and should order Mr. Alvarez Hernandez's immediate release. At this time Petitioners are not asking for sanctions or a contempt finding. However, in light of Respondents' failure to follow this Court's order, Petitioners ask that the Court order Respondents to release Mr. Alvarez Hernandez immediately and bar Respondents from arresting or detaining Mr. Alvarez Hernandez in the future absent a violation of supervision conditions or preapproval of detention by this Court upon proof that he cannot self-report for removal.

Petitioners also ask for an immediate order barring Respondents from moving Mr. Alvarez Hernandez from the Daviess County Detention Center, or, if he has been moved from there, an immediate order directing Respondents to return him to the Daviess County Detention Center immediately and barring any further moves, pending adjudication of this motion.

Pursuant to the L.R. 7.1, Petitioners sought concurrence from Respondents in this motion, who opposed this motion. Due to the emergency nature of the situation, a conference with opposing counsel was not possible.

Dated: November 6, 2026

Respectfully submitted,

/s/ *Miriam J. Aukerman*
Miriam J. Aukerman (P63165)
American Civil Liberties Union Fund of Michigan
1514 Wealthy Street SE, Suite 260
Grand Rapids, MI 49506
Telephone: (616) 301-0930
maukerman@aclumich.org

Ramis J. Wadood (P85791)
Bonsitu Kitaba-Gaviglio (P78822)
American Civil Liberties Union Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
Telephone: (313) 578-6824
rwadood@aclumich.org
bkitaba@aclumich.org

David C. Fathi
ACLU National Prison Project
915 15th St. N.W., 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616
dfathi@aclu.org

Anand V. Balakrishnan
ACLU Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 549-2660
abalakrishnan@aclu.org

My Khanh Ngo
ACLU Immigrants' Rights Project
425 California Street, 7th Floor
San Francisco, CA 94104
Telephone: (415) 343-0770
mngo@aclu.org

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

/s/ *Mark F. Mendelsohn*
Mark F. Mendelsohn

2001 K Street NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
mmendelsohn@paulweiss.com
Johan E. Tatoy
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
jtatoy@paulweiss.com

*Attorneys for Petitioner-Plaintiffs*