UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Malam,

Petitioner-Plaintiff,

v.

Rebecca Adducci, et al.,

Respondents-Defendants.

Civil No. 20-10829

Honorable Judith E. Levy
Mag. Judge Anthony P. Patti

_______________________________________/

**RESPONDENTS-DEFENDANTS' RESPONSE IN OPPOSITION TO EMERGENCY MOTION FOR RELEASE OF ANDRES TOMAS ALVAREZ HERNANDEZ**

## COUNTER-STATEMENT OF ISSUE PRESENTED

U.S. Immigration and Customs Enforcement released the detainee once it was determined he could not presently be removed and the portion of the motion seeking immediate release is moot. Plaintiffs declined to voluntarily dismiss. Should the Court nonetheless grant the motion insofar as Plaintiffs ask the Court to enter additional conditions to the bail order where the Court lacked jurisdiction to enter the bail order and there is no justification to continue bail now that Plaintiffs agree to dismissal of the underlying habeas claim?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C. § 2241

*Nash v. Eberlin*, 437 F.3d 519 (6th Cir. 2006)

*Rumsfield v. Padilla*, 542 U.S. 426 (2004)

## INTRODUCTION

Plaintiffs filed an emergency motion for the immediate release of bailee Andres Tomas Alvarez Hernandez where his pre-removal detention exceeded the bail release conditions (but not immigration law). They also ask the Court to graft additional conditions to the bail order limiting U.S. Customs and Immigration Enforcement's (ICE) ability to exercise authority it would otherwise have under immigration law. The portion of the motion seeking immediate release is moot because ICE released the bailee when he refused to sign a notice of Third Country Removal to Mexico. Plaintiffs declined a request to voluntarily dismiss.

The remaining relief requested in the motion asks the Court to enjoin Defendants from arresting or detaining the bailee in the future absent a violation of supervision conditions or preapproval of detention by the Court upon proof that he cannot self-report for removal. The motion does not seek sanctions. The motion should be denied. The Court had no jurisdiction to enter the habeas bail order because the detainees were held in the Western District of Michigan, and even if the Court had jurisdiction, Plaintiffs agree that Calhoun is holding detainees "in reasonably safe conditions" so there is no cause to continue habeas bail. (Mot., ECF No. 657, PageID.15985). Where there are no longer exceptional circumstances providing this Court with inherent authority to enter habeas bail, the bail order should be vacated not enlarged.

**BACKGROUND**

On March 30, 2020, Janet Malam filed this action seeking habeas relief from lawful immigration detention at Calhoun County Correctional Center asserting that she was medically vulnerable and the congregate setting did not allow proper protection from the transmission of COVID. (Pet., ECF No. 1). A few days later, new counsel sought to intervene on behalf of two individuals who were also detained at Calhoun and who also claimed to be medically vulnerable. (Mot., ECF No. 8). After the Court permitted intervention and granted injunctive relief for those individuals' release, Plaintiffs filed an amended habeas petition and complaint for declaratory and injunctive relief asserting class action claims on behalf of all immigration detainees at Calhoun, and a subclass on behalf of all medically vulnerable immigration detainees at Calhoun. (Am. Pet., ECF No. 43). Plaintiffs filed a second amended petition asserting the same claims in June 2020. (Sec. Am. Pet., ECF No. 97). The Court certified both classes in July 2020. (Order, ECF No. 162).

In August 2020, the Court instituted a bail procedure whereby medically vulnerable immigration detainees seeking habeas relief could move for bail pending adjudication of the merits of their habeas claim. (Order, ECF No. 168). Detainees who were granted "temporary release" under the Court's bail procedure were informed their release would "expire upon the final adjudication of the

habeas petition in this case, unless the Court orders otherwise." (Order, ECF No. 179). The Court also held that ICE could arrest and detain a detainee (a) on order of the Court; (b) for removal where removal would occur in 7 days; or (c) where ICE had evidence and a good faith belief that the detainee had absconded. (*Id.*).

On December 11, 2020, the Court granted bail to bailee Alvarez Hernandez under those conditions. (Elev. Bail Order, ECF No. 456). The Court granted bail despite his lengthy criminal history based on its finding that the medically vulnerable class members "raise substantial claims of law and that COVID-19 presents special circumstances making the bail applications exceptional." (*Id.* at PageID.11706). In April 2021, the Court issued the last bail order in this case in which the Court denied bail because the detainees had access to vaccination at Calhoun. (Order, ECF No. 591).

Upon information and belief,[1] in October 2026, ICE ERO in Kentucky, where Alvarez Hernandez resides, detained him pending removal. Admittedly, his removal did not occur in 7 days and ICE did not provide notice as required in the bail order. (Order, ECF No. 179). However, as the Court is aware, the bail orders have been in place for upwards of six years and ICE has complied. Any failure to comply in this case was inadvertent. Cuba has not agreed to accept Alvarez

[1] Counsel did not provide a declaration given the short timeframe before the response was due and the changing nature of the facts. The facts do not seem to be in material dispute, but ICE will supplement with a declaration if the Court prefers.

Hernandez and ICE asserts that he consented to removal to Mexico. However, on November 6, 2006, he was presented with a Third Country Removal notice which he declined to sign, preventing his removal to Mexico. Had Alvarez Hernandez signed he would have been expeditiously removed to Mexico. Instead, ICE released Alvarez Hernandez on the morning of Saturday, November 7, 2026.

That morning counsel for Defendants informed counsel for Plaintiffs that Alvarez Hernandez was released and inquired whether they would voluntarily dismiss. Just before 5:00 p.m., counsel for Plaintiffs responded and declined to provide their position on dismissal unless ICE produced all documents Alvarez Hernandez signed at his check-in or during his detention, and any documents he declined to sign. Thus, ICE proceeded with filing a response before November 8, 2009, at noon, as ordered by the Court. (Order, ECF No. 663). ICE opposes the remainder of the motion seeking entry of more restrictive conditions to the bail order.

## LAW AND ANALYSIS

Defendants oppose the remainder of the motion because the bail order is invalid, and even if valid, should be vacated.

### A. The bail order is not valid because the Court lacked jurisdiction.

Plaintiffs seek habeas relief under 28 U.S.C. § 2241. (Sec. Am. Compl., ECF No. 97). Section 2241(a) provides that a writ may be granted by a district court

"within their respective jurisdictions." *See* 28 U.S.C. § 2241(a). In *Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004), the Supreme Court addressed the meaning of "within their respective jurisdictions" and held that for habeas petitions seeking release from confinement "the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" (citation omitted). The Court further clarified that for habeas petitions challenging present physical confinement, "jurisdiction lies in only one district: the district of confinement" rather than "any district in which the respondent is amenable to service of process." *Id*. at 443. The Supreme Court also made clear that the district of confinement is determined as the place the petitioner and immediate custodian were "present…at the time counsel filed the…habeas petition." *Id*. at 448; *see also Cid-Barrios v. Raycraft*, 814 F. Supp. 3d 839, 847 (E.D. Mich. 2025) (holding that allowing a petitioner to file a habeas petition in the Eastern District of Michigan seeking release from a facility in the Western District of Michigan "would contravene the dictates of *Padilla* in two respects: it would require the Court to issue a writ to produce a detainee outside the district of confinement; and it would trench upon the concept that 'jurisdiction' to issue the writ "lies in only one district.").

This Court never properly had territorial jurisdiction to grant habeas relief because the detainees were held at Calhoun County Correctional Center, which is in the Western District of Michigan. *See Cid-Barrios*. It was to that court the

detainees should have turned for release from confinement. Where the Court lacked jurisdiction to adjudicate the habeas claim, it also lacked jurisdiction to create an *ad hoc* bail procedure to grant bail pending resolution of the habeas claims. Thus, this Court should dismiss the habeas claims which would terminate bail and permit ICE to continue with lawful immigration enforcement.

**B. There is no basis to continue the bail order.**

Even if the Court has jurisdiction, the bail order should be vacated. The Court entered bail based solely on the finding that medically vulnerable class members raised a "substantial claim[] of law" and that COVID presented "special circumstances making the bail applications exceptional." (Order, ECF No. 456, PageID.11706). As the Court acknowledged, it only has inherent authority to grant bail to a habeas petitioner "if there is a 'substantial claim of law' and 'the existence of 'some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice.'" (Order, ECF No. 168, PageID.5294) (citing *Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006)).

The public health emergency created by COVID on which the Court found special circumstances to justify bail ended in May 2023. *See* https://archive.cdc.gov/www_cdc_gov/coronavirus/2019-ncov/your-health/end-of-phe.html. The Court has denied bail since vaccination became available at Calhoun in spring of 2021. (Order, ECF No. 591). Indeed, even Plaintiffs concede that

Calhoun is holding detainees "in reasonably safe conditions" and agree to dismissal of their habeas claims related to COVID. (Mot., ECF No. 657, PageID.15985). Plaintiffs make no argument that detention at Davies County Detention Center in Kentucky would be unsafe due to COVID. There is no justifiable basis to continue a habeas bail order where there is no legitimate habeas claim, and certainly not to add even more restrictive conditions as Plaintiffs request.

## CONCLUSION

For the above reasons, Defendants respectfully request the Court deny Plaintiffs' emergency motion and vacate the bail order for Andres Tomas Alvarez Hernandez.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

By: /s/ Jennifer L. Newby
Jennifer L. Newby (P68891)
Assistant United States Attorney
Attorneys for Respondents
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0295
Jennifer.Newby@usdoj.gov

Dated: November 7, 2026

## **Certificate of Service**

I hereby certify that on November 7, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

s/ Jennifer L. Newby
Jennifer L. Newby
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-0295
Jennifer.Newby@usdoj.gov